## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINSVILLE DIVISION

THOMAS CHASTAIN,  and )
EMMA CHASTAIN, )
Individually and on Behalf of )
All Others Similarly Situated, )
                             ) **CLASS ACTION**
    Plaintiffs, ) **CIVIL ACTION NO.** 2:23-CV-160-RWS
                             )
v. )
                             )
BLUE LINE SOLUTIONS, LLC, )
                             )
    Defendant. )

## CLASS ACTION COMPLAINT

COME NOW Plaintiffs Thomas Chastain and Emma Chastain,  individually and on behalf of all other persons similarly situated, by and through their attorneys, upon personal knowledge as to their own acts and experiences, and upon information and belief as to all other matters, allege as follows:

## NATURE OF THE ACTION

1.

This is a class action for refund of unathorized and excessive fees levied and collected by Defendant Blue Line Solutions, LLC (Blue Line) not authorized by O.C.G.A. § 40-14-18 (the "School Zone Electronic Enforcement Statute") or

otherwise wrongfully collected.  The School Zone Electronic Enforcement Statute provides for specific fines and maximum electronic processing fees that may be collected as civil monetary penalties for excessive speed in an authorized school zone by governing bodies.  Blue Line is a private, for-profit, out-of-state corporation. It is not a *governing body*, nor is it an agent of a *governing body* nor an agent of a *law enforcement agency*.  Blue Line has disregarded the statute, and is collecting *unauthorized revenue*, wrongfully retaining revenue, imposing excessive electronic processing fees and credit card usage fees against the prospective Class Members in violation of Georgia law.

## **PARTIES, JURISDICTION AND VENUE**

2.

Plaintiffs Thomas Chastain and Emma Chastain are married and are residents and citizens of  Rabun County, Georgia. Plaintiff Thomas Chastain was issued a "Notice of Citation" under the "School Zone Electronic Enforcement Statute" purportedly by the Tallulah Falls Police Department on March 7, 2023. Plaintiff Emma Chastain was driving the 2021 Jeep that is the subject of the citation.

3.

Defendant Blue Line Solutions, LLC (Blue Line) is a Tennessee Limited Liability Corporation that operates the Automated Speed Enforcement Systems that

are in place within school zones in Habersham County and throughout Georgia.  Its principal place of business is in Chattanooga, Tennessee.  It is registered to do business in Georgia. Blue Line may be served by delivering a copy of the Summons and Complaint to its registered agent: Jeff Oxner, 327 Bonds Road, Chickamauga, Georgia 30707.

4.

This Court has subject matter and diversity jurisdiction under 28 U.S.C. § 1332(d) because this is a class action wherein the amount in controversy exceeds $5,000,000 exclusive of interest and costs, there are more than 100 members of the proposed Class,  and at least one Class Member is a citizen of a different state from Blue Line.  There is minimal diversity.

5.

Venue is proper in this District under 28 U.S.C. § 1391(b) because Blue Line operates in Habersham County and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Habersham County, including Blue Line mailing citations and collecting excessive and unauthorized fees in violation of the School Zone Electronic Enforcement Statute. O.C.G.A. § 40-14-18.

## FACTUAL BACKGROUND

### Overview

6.

On or about March 25, 2023,  Plaintiffs Thomas and Emma Chastain received a "Notice of Citation" that purports to be from the Tallulah Falls Police Department. The citation states that a vehicle registered to Thomas Chastain was issued a citation in violation of O.C.G.A. § 40-14-18 for excessive speed in a school zone on March 7, 2023.  More specifically, the citation states that a camera took photographs of Thomas Chastain's automobile traveling 58 miles per hour in a school zone with a speed limit of 45 miles per hour. A copy of the "Notice of Citation" is attached hereto as Exhibit "A".

7.

The Chastains' "Notice of Citation" states a 2021 Jeep registered to Thomas Chastain was photographed violating the "School Zone Electronic Enforcement Statute" and, as the registered owner of the vehicle, Thomas Chastain was responsible for  a Civil Monetary Penalty.  The Civil Monetary Penalty set forth in the citation was $100.

8.

Blue Line did not send to Mr. and Mrs. Chastain "a copy of a certificate sworn

to or affirmed by a certified peace officer" that comples with Georgia law. On information and belief, no officer was administered an oath by a person authorized to administer oaths verifying the violation asserted in the citation sent by Blue Line to Mr. Chastain. The statement to the contrary in the citation that Blue Line mailed to Mr. Chastain was materially false and deceptive, and was used to extract money from Mr. Chastain in violation of 18 U.S.C . § 1341 and O.C.G.A. § 16-8-3.

9.

Plaintiffs Thomas and Emma Chastain paid $75 of the "$100 Civil Monetary Penalty" solicited by Blue Line by check payable to "Town of Tallulah Falls" on or about April 28, 2023. A true and correct copy of the check indicating payment is attached hereto as Exhibit "B". The check, though payable to "Town of Tallulah Falls," was deposited by Blue Line in an account maintained by Blue Line in Chattanooga, Tennessee. The payment was not voluntary. All the facts were not known. It was compelled under threat of a lien on the title to his automobile and deprevation of the use of his automobile.

10.

Plaintiffs Thomas and Emma Chastain received a second citation requesting payment of the Civil Monetary Penalty by May 25, 2023. A true and correct copy of the second citation is attached as Exhibit "C".

**The School Zone Electronic Enforcement Statute**

11.

The School Zone Electronic Enforcement Statute became effective on July 1, 2018.  A true and correct copy of the School Zone Electronic Enforcement Statute is attached as Exhibit "D".

12.

The School Zone Electronic Enforcement Statute provides in pertinent part:

[T]he speed limit within any school zone as provided for in Code Section 40-14-8 and marked pursuant to Code Section 40-14-6 may be enforced by using photographically recorded images for violations which occurred only on a school day during the time in which instructional classes are taking place and one hour before such classes are scheduled to begin and for one hour after such classes have concluded when such violations are in excess of ten miles per hour over the speed limit.

O.C.G.A. § 40-14-18(a)(1).

.  .  .

The owner of a motor vehicle shall be liable for a civil monetary penalty to the governing body of the law enforcement agency provided for in paragraph (2) of this subsection if such vehicle is found, as evidenced by photographically recorded images, to have been operated in disregard or disobedience of the speed limit within any school zone and such disregard of disobedience was not otherwise authorized by law. The amount of such civil monetary penalty shall be $75 for a first violation and $125 for a second or any subsequesnt violation, in addition to fees associated with the electronic processing of such civil monetary penalty which shall not exceed $25.00…

*Id*. at (b)(1).

.  .  .

6

A law enforcement agency authorized to enforce the speed limit of a school zone, or an agent working on behalf of a law enforcement agency or governing body, shall send by first class mail addressed to the owner of the motor vehicle within 30 days after obtaining the name and address of the owner of the motor vehicle but no later than 60 days after the date of the alleged violation:

(A)    A citation for the alleged violation, which shall include the date and time of the violation, the location of the infraction, the maximum speed at which such motor vehicle was traveling in photographically recorded images, the maximum speed applicable within such school zone, the civil warning or the amount of the civil monetary penalty imposed, and the date by which a civil monetary penalty shall be paid;

(B)    An image taken from the photographically recorded images showing the vehicle involved in the infraction;

(C)    A website address where photographically recorded images showing the vehicle involved in the infraction and a duplicate of the information provided for in this paragraph may be viewed;

**(D)    A copy of a certificate sworn to or affirmed by a certified peace officer employed by a law enforcement agency authorized to enforce the speed limit of the school zone and stating that, based upon inspection of photographically record images, the owner's motor vehicle was operated in disregard or disobedience of the speed limit in the marked school zone and that such disregard or disobedience was not otherwise authorized by law;**

(E)    A statement of the inference provided by paragraph (4) of this subsection and of the means specified therein by which such inference may be rebutted;

(F)    Information advising the owner of the motor vehicle of the manner in which liability as alleged in the citation may be contested through an administrative hearing; and,

(G)    A warning that failure to pay the civil monetary penalty or to contest liability in a timely manner as provided for in subsection (d) of this Code section shall waive any right to contest liablity.

7

*Id.* at b(2)(A)-(G) (emphasis added).

.　.　.

### § 40-14-18. Enforcement; photographically recorded images; civil penalty

(m) The money collected and remitted to the governing body pursuant to paragraph (1) of subsection (b) of this Code section shall only be used by such governing body to fund local law enforcement or public safety initiatives. This subsection shall not preclude the appropriation of a greater amount than collected and remitted under this subsection.

O.C.G.A. § 40-14-18(m).

13.

Blue Line has prepared and entered into substantially similar contracts called "Automated Speed Enforcement System Agreements (ASE System)" with numerous Georgia counties and local governments to perform automated enforcement of the "School Zone Electronic Enforcement Statute". Blue Line owns, possesses, implements and operates the ASE System including equipment and cameras. Blue Line provides an automated, web-based processing program for all Notices of Liability also known as "Notices of Citation" on the documents mailed to purported violators. Blue Line's contract with the City of Tullulah Falls provides in pertinent part:

### 6.    FEES AND PAYMENT

City shall pay BLS for all equipment, services and maintenance based on the Service Fee schedule indicated in Exhibit C.

.　.　.

9.    **OWNERSHIP OF SYSTEM**

It ls understood by the City that the ASE System, and all associated hardware and software being provided by BLS is, and shall remain, the sole property of BLS, unless separately procured by City. The ASE System is being provided to City only pursuant to the terms of this Agreement. City agrees that it shall not make any modifications to BLS's equipment, nor disassemble or perform any type or reverse engineering to the ASE System, nor infringe on any property or patent rights, nor cause *or* allow any other Person to do any of the foregoing. The parties agree that upon termination of this Agreement for any reason, BLS shall have the right, but not the obligation, to remove all equipment provided.  If the Agreement is terminated by either Party after the completion of the first term, the City may take possession of the radar speed displays.

.   .   .

19.  **NO AGENCY**

The relationship between the parties shall be that of independent contractors, and the employees, agents and servants of either party shall in no event be considered to be employees, agents, or servants of the other party. **This Agreement shall not create an agency relationship between BLS and City** and neither party may incur any debts or liabilities or obligations on behalf of the other party, except as specifically provided herein.

Exhibit "E," pp. 3, 4, 6 (emphasis added).

14.

Exhibit C to said contract provides:

Revenue of paid Notice of Liability shall be shared between the two parties:

The City's portion shall be **65%** of all paid Notice of Liabilities and BLS's portion shall be **35%** of all paid Notice

of Liabilities. No fees or charges will be assessed to the agency for non-paid violations.

BLS provides all ASE equipment, installation, wireless integration, & infrastructure. **ASE System equipment and installation costs are recovered by BLS in 12 equal monthly installments from net revenue generated and apportioned to BLS from revenue share. In the event the agreement is terminated by the City as allowed by Section 4.A.(I), prior to full recovery of equipment and installation costs, the City will be responsible for the balance.** The parties agree the cost of development, implementation, and installation of the ASE System is $75,000 per installed ASE Camera System, and upon early termination under Section 4.A.(I) the City shall reimburse BLS *for* such cost of the ASE System used by City. Full payment of all such costs will be due within 30 days after the date of termination.

**Fees Charged to Violators**

A credit card convenience fee of $4.90 to be charged to the violator using a credit card (unless prohibited by state statute) for violation payment paid via the Internet. Such convenience fees shall be collected by BLS during payment of violation and shall not be shared with City or included in City's share of Revenue.

*Id.,* p. 12 (emphasis added).

15.

The Blue Line contract is void as a forbidden gratuity in that Tullulah Falls is required to pay for equipment owned by Blue Line but Blue Line retains ownership after being fully paid for the equipment by the City of Tallulah Falls in violation of Georgia Cosntitution, Art. 3,Sec. 6 ¶ 6.

16.

The Blue Line contract is void in that it delegates law enforcement duties to employees of a private, for-profit corporation compensated on a fee system in violation of O.C.G.A. § 40-14-2 and the Due Process Clause of the Georgia Constitution, Act. 1, Sec. 1, ¶ 1.

17.

Substantially similar Blue Line contracts provide that Blue Line shall collect and accumulate all payments received under the guise of payments to law enforcement agencies on a monthly basis and provide payment to the law enforcement agencies on or before the 15th day of the following month. The citations issued, mailed and the collection of the penalties and fees are standardized and automated. The name of the law enforcement agency in the county or municipality under contract is inserted into the citation by Blue Line. Although the name of the law enforcement or governmental agency is set forth on the citation, the mailing address for all payments by check are to Blue Line's offices in Chattanooga, Tennessee as shown in citation Exhibit A, though such fact is not disclosed byBlue Line.

18.

As part of the Automated Speed Enforcement System Agreement, Blue Line

assumes responsibility for mailing the "Notice of Citation" to the registered owner of a vehicle that has been deemed in violation of O.C.G.A. § 40-14-18, even though Blue Line is not a law enforcement agency or an agent of a law enforcement agency or an agent of a governing body as required by O.C.GA. § 40-14-18(b)(2).  Included on the "Notice of Citation" prepared by Blue Line is a penalty amount and payment instructions.  Blue Line does not disclose its name, its involvement or the fact that the solicited payments go to Blue Line and not to the law enforcement agency or local government that is named in the citation as the payee of the solicited "Civil Monetary Penalty" of $100.00.  Blue Line thus deceptively hides its identity and illegally impersonates itself as a law enforcement officer in violation of O.C.G.A. § 16-10-23.

19.

Each time Blue Line mails a citation to Plaintiffs and to members of the Class in the form of Exhibit A, it is a separate violation of O.C.G.A. § 16-10-23 and a separate act of racketeering activity. O.C.G.A. § 16-14-3(5)(A)(xxiii).

20.

Pursuant to the School Zone Electronic Enforcement Statute the "civil monetary penalty [for violation of the School Zone Electronic Enforcement Statute] shall be $75.00 for a first violation and $125.00 for a second or any subsequent

violation, *in addition to fees associated with the electronic processing of such civil monetary penalty which shall not exceed $25.00....*"  O.C.G.A. § 40-14-18(b)(1). (emphasis added). The statute provides a maximum of $25 for reimbursement of the cost of electronic processing of the *civil monetary penalty.*

21.

The electronic processing fee portion of the "$100 civil monetary penalty" assessed to Plaintiffs and Class Members exceeds the statutory amount authorized by O.C.G.A. § 40-14-18(b)(1) in that Blue Line imposes it as an automatic, flat rate charge that does not reflect the actual cost incurred by Blue Line for electronic processing of the civil monetary penalty payments.  Blue Line deceptively demanded $100 as "civil monetary penalty."  Blue Line levies an additional cost for the processing of credit card payments of the civil monetary penalty for which there is no statutory authorization.  These facts were not and are not disclosed to Plaintiffs or Class Members.

22.

The School Zone Electronic Enforcement Statute does not authorize an automatic charge for all citations of the maximum amount of the electronic processing fee regardless of actual electronic processing costs. Further, the "Notice of Citation" issued to Plaintiffs misstates the nature of the $25.00 fee by calling it a

processing fee, rather than as an *electronic* processing fee and by stating that the

"Civil Monetary Penalty is $100," even though the statute only allows for a $75 civil

monetary penalty:

> Please take notice that the vehicle described and pictured herein was photographed violating public safety by exceeding the speed limit in a school zone during times defined in O.C.G.A 40-14-18. Therefore, under Georgia State Law and local ordinance, as the registered owner(s) or lessee, you are liable for the Civil Monetary Penalty. If paid by the due date, the Civil Monetary Penalty is $75.00 for first offense and $125.00 for subsequent offenses, plus a $25.00 Processing Fee. This combined total for the Civil Monetary Penalty is $100.00. No points will be assessed against your driver's license. Information about how to contest or file an affidavit to disclaim liability is on the reverse. WARNING: Failure to pay the Civil Monetary Penalty or to contest in a timely manner shall waive any right to contest liability. Please call 1-855-252-0086 regarding payment.

Exhibit "A."

Such facts were not disclosed to Plaintiffs and Class Members, rendering the

written statements of Blue Line fraudulent and deceptive.

23.

Blue Line deceptively posed as the "Town of Tallulah Falls Police

Department" and affixed an image of a law enforcement badge to the citation without

disclosing Blue Line's true identify and without disclosing that a substantial portion

of the solicited funds were going to a private, for-profit corporation and not to fund

local law enforcement or public safety initiatives, in violation of 18 U.S.C. § 1341

and O.C.G.A. §§ 16-8-3, 16-10-23, and 40-14-18(m).

24.

Plaintiffs Thomas and Emma Chastain paid the $75 Civil Monetary Penalty

by check made payable to the Town of Tallulah Falls, but cashed by Blue Line. Plaintiffs are subject to additional collection efforts for the $25 electronic processing fee and referral of their motor vehicle to the Department of Revenue for nonrenewal of the registration and a prohibition of title transfer of such motor vehicle within this state for failure to pay the full amount of the deceptively labeled "Civil Monetary Penalty" that includes the maximum electronic processing fee.

25.

Although Plaintiffs Thomas and Emma Chastain paid the civil penalty by check made payable to the Town of Tallulah Falls, but mailed to Blue Line's office, Blue Line included a charge of $25 to electronically process the civil monetary penalty. Blue Line did not disclose that it was cashing the check and retaining at least 35% of the penalty. Because Mr. & Mrs. Chastain paid only the civil monetary penalty set by statute, Blue Line fraudulently and deceptively extracted $26.25 from the $75.00 fine paid by Mr. and Mrs. Chastain and used the U.S. Mail to execute this fraudulent scheme under the guise of being a Georgia governmental entity.

## CLASS ACTION ALLEGATIONS

### 26.

This action is brought by Named Plaintiffs as a class action, individually and on behalf of all prospective Class Members, under the provisions of Fed.R.Civ.P. 23(a), 23(b)(1), 23(b)(3) and 23(c)(4).

### 27.

Plaintiffs seek certification of the following Class :

All Georgia residents who have been issued a "Notice of Citation" pursuant to the School Zone Electronic Enforcement Statute, O.C.G.A. § 40-14-18 that was mailed by Blue Line Solutions from July 1, 2018, to the date of certification of a class.

### 28.

Excluded from the Class are Defendant; officers, directors and employees of Blue Line; any entity in which Blue Line has a controlling interest, is a parent or subsidiary, or which is controlled by Blue Line; and the affiliates, legal representatives, attorneys, heirs, predecessors, successors, and assigns of Blue Line.

### 29.

Plaintiffs individually and on behalf of the proposed Class Members seek a refund of the $25 "electronic processing fee" or "processing fee" assessed and collected, all funds collected that were retained by Blue Line, all credit card

processing charges collected, trebled, plus prejudgment interest, exemplary damages and expenses of litigation, including reasonable attorney fees.

30.

Certification of Plaintiffs' claims for class-wide treatment is appropriate because Plaintiffs can prove the elements of the claims on a class-wide basis using much the same evidence as would be used to prove these elements in individual actions alleging the same claims.

31.

The proposed Class is ascertainable. The identification of Class Members is readily available because Blue Line has access to the names and addresses of all Class Members to whom it has caused a Notice of Citation to be mailed. The names and addresses of the Georgia vehicle owners who have received a Notice of Citation can be used to provide class notice to Class Members. According to the Blue Line contract, Blue Line provides an automated, web-based program for all citations that it has sent to Class Members, including image processing, mailing addresses, monies collected from each Class Member and money retained by Blue Line.

32.

***Numerosity***. The requirement of numerosity under Fed.R.Civ.P. 23(a)(1) is met because the state-wide Class is so numerous that joinder of all members would

be impractical.  Blue Line mails hundreds of citations weekly to registered vehicle owners in Habersham and other counties in Georgia.

33.

***Commonality and Predominance***. The requirements of Fed.R.Civ.P. 23(a)(2) and (b)(3) are met because this case involves common questions of law and fact that predominate over any questions that affect only individual Class Members. Common questions of law and fact include: (1) The validity of Blue Line's form contract; (2) Whether Blue Line employees meet the commands of O.C.G.A. § 40-14-2; (3) Whether Blue Line's class-wide procedures meet the commands of O.C.G.A. § 40-14-2; (4) Whether Blue Line engaged in wrongful conduct in charging and collecting a $25 electronic processing fee from Class Members under O.C.G.A. § 40-18-14; (5) Whether Blue Line wrongfully retained 35% of funds it collected that exceeded the cost for the automated Speed Enforcement System; (6) Whether Blue Line wrongfully charged credit card processing fees; (7) Whether Blue Line's conduct was unlawful and supports an action for money had and received, and/or theft by taking; (8) Whether Blue Line intentionally collected electronic processing fees in excess of any electronic processing costs; (9) Whether Blue Line is a racketeer-influenced, corrupt organization engaged in acts of mail fraud, impersonation of law enforcement officers and theft by deception; (10) Whether Plaintiffs and the Class

Members suffered injury including a monetary loss; (11) Whether Plaintiffs and Class Members are entitled to recover damages; (12) whether Plaintiffs and Class Members are entitled to recover punitive damages.

34.

*Typicality*. The requirement of Fed.R.Civ.P. 23(a)(3) is met because the claims of Named Plaintiffs are typical of the claims of other Class Members in that all were mailed citations identical in form and that included a flat $25 electronic processing fee as part of the total civil penalty based upon the same, programmed/automated/computerized conduct of Blue Line in causing to be mailed citations that all included $25 electronic processing fees, issuing collection letters and causing the reporting of delinquencies for failure to pay to the Department of Revenue. The Plaintiffs and all members of the Class were injured through the same misconduct of Blue Line and assert the same claims for relief. There is no conflict between Named Plaintiffs and Class Members with respect to this action, or with respect to the claims for relief herein set forth.

35.

*Adequacy*. The requirement of Fed.R.Civ.P. 23(a)(4) is satisfied because Plaintiffs and their counsel will fairly and adequately protect the interests of the Class. Plaintiffs are members of the Class they seek to represent. Plaintiffs are

committed to pursuing this matter against Blue Line on a state-wide basis to obtain relief for the Class Members. Plaintiffs have no known interests that are antagonistic to or conflict with the interests of other Class Members.

36.

Counsel for Plaintiffs and the proposed Class Members are competent and experienced in litigating class actions and complex litigation. Prior class action cases successfully resolved by Plaintiffs Counsel include nationwide class actions with over one hundred thousand class members and numerous class actions for environmental property damages and for consumer fraud. Counsel have litigated class actions in both state and federal courts in Georgia, Florida, Pennsylvania, Massachusetts and Maine.  Plaintiffs and their Counsel will vigorously prosecute this case and will fairly and adequately protect the Class's interests.

37.

*Superiority*. The requirements of Fed.R.Civ.P. 23(b)(3) are satisfied because this class action is superior to other available methods for fair and efficient adjudication.  Treatment as a class action will resolve common questions of law and fact and is superior to numerous individual actions or piecemeal litigation. Without a class action, Class Members may be deterred by the cost of litigating their claims for refunds of no more than $104.90, and therefore will have no effective remedy in

the absence of class treatment.  Plaintiffs and Class Members have been harmed by

Blue Line's conduct and litigating the relevant issues in a class format will reduce

the possibility of repeated litigation regarding Blue Line's conduct.

38.

There are no apparent impediments at this time that would preclude class

treatment. The common questions of law and fact predominate over any questions

affecting individual Class Members.  Class treatment is superior to piecemeal

litigation that would burden the courts.  Class treatment affords the Class Members

an opportunity to seek relief collectively when they otherwise would be unable to

expend the cost of litigation to obtain relief for Blue Line's widespread wrongful

collection of funds from Class Members.

39.

This action is also properly maintained as a class action pursuant to

Fed.R.Civ.P. 23(b)(1). The prosecution of separate actions by individual Class

Members would create a risk of inconsistent or varying standards of conduct for

Blue Line. As a class action, the issues can be resolved in a way that conserves

judicial resources, parties' resources and protects the rights of all Class Members.

Relief could be ordered including injunctive relief among different courts that could

result in different standards of conduct for Blue Line within Georgia. The

prosecution of separate actions by Class Members would create the risk of adjudications among Class Members that would be dispositive of the interests and rights of others not parties to this action, or that would substantially impair or impede their ability to protect their interests.

40.

There are issues appropriate for certification under Fed.R.Civ.P. 23 (c)(4) because the claims present particular, common issues, the resolution of which would materially advance the resolution of this case and the parties' interests, including whether Blue Line engaged in wrongful conduct in charging and collecting standardized fees from every Class Member; whether such conduct was unlawful under Georgia law, whether such conduct constitutes theft by taking; whether such conduct is fraudulent and deceptive; and whether Plaintiffs and Class Members are entitled to recover refunds and damages.

## COUNT I – MONEY HAD AND RECEIVED

41.

Named Plaintiffs reallege and incorporate the allegations set forth in paragraphs one through forty as if set forth herein verbatim.

42.

Blue Line entered into contracts with counties in Georgia to install, operate, monitor, mail citations, collect or cause the collection of civil penalties for violations of the School Zone Electronic Enforcement Statute, O.C.G.A. § 40-14-18.

43.

This statute provides for specific fines and an electronic processing fee that may be collected by governmental entitles as a civil monetary penalty for excessive speed in an authorized school zone.

44.

Blue Line overcharged, collected and retained from Plaintiffs and Class Members, excessive, unauthorized and illegal penalties, electronic processing fees and credit card fees that were not incurred, authorized or allowed under the School Zone Electronic Enforcement Statute.

45.

Blue Line implemented a standardized billing and collection practice that automatically added an electronic processing fee of $25 to every citation issued under the statute regardless of any actual electronic processing costs incurred either by Blue Line or a governmental entity for electronic processing the civil penalty.

46.

Blue Line has no lawful claims to the excessive electronic processing fees it collected from Plaintiffs and Class Members.

47.

Blue Line wrongfully collected from Plaintiffs and Class Members and retained for itself more than 35% of funds that were only to be used "to fund local law enforcement or public safety initiatives," as mandated by O.C.G.A. § 40-14-18(m).

48.

Blue Line wrongfully charged Class Members and retained for itself charges for use of credit cards not authorized by law.

49.

Blue Line has been unjustly enriched at the expense of Plaintiffs and Class Members.

50.

The Plaintiffs and Class Members are entitled to refund of all funds wrongfully collected and retained by Blue Line. Demand has been made for same.

51.

The Plaintiffs and Class Members are entitled to expenses of litigation, including reasonable attorney fees due to the bad faith conduct of Blue Line. O.C.G.A. § 13-6-11.

52.

The Defendant's actions showed wilfull misconduct, malice, fraud, wantoness, oppression or that entire want of care that would raise a presumption of conscience indifference to consequences. Blue Line is liable to the named Plaintiffs and all members of the Class for exemplary damages in an amount sufficient to punish Blue Line and deter Blue Line from further like wrongful conduct.

## COUNT II – GEORGIA RICO

53.

Named Plaintiffs reallege and incorporate the allegations set forth in paragraphs one through forty as if set forth herein verbatim.

54.

This Count is brought under the Georgia Racketeer Influenced and Corrupt Organizations Act. O.C.G.A. § 16-14-1, *et seq*. This Court has jurisdiction of this claim. The Plaintiffs bring this claim on behalf of themselves and all members of the Class.

25

55.

The conduct of Blue Line complained of hereof is in violation of the Georgia Racketeer Influenced and Corrupt Organizations Act in that the Defendant has carried out a pattern of racketeering prohibited by O.C.G.A. § 16-14-3.  In particular, the Defendant has attempted to collect and has collected monies from the members of the Class under false and misleading acts and omissions and through the wrongful impersonation of law enforcement officers, all in violation of 18 U.S.C. § 1341 and O.C.G.A. §§ 16-8-3, 16-10-23 and 40-14-18(m).

56.

The theft by taking, mail fraud and impersonation of a law enforcement have been committed by using standardized methods of doing business and standardized solicitations of money from Class Members in the form of speeding citations and related material.

57.

In consequences of the unlawful conduct of Blue Line, the named Plaintiffs and members of the Class are entitled to damages in an amount equal to three times their actual damages, together with punitive damages and expenses of litigation.

WHEREFORE, having stated their Complaint, Plaintiffs pray as follows:

(a)    That process issue and be served on Defendant in accordance with Georgia law;

(b)    That this Court certify the Class and appoint Plaintiffs as Class representatives and appoint Plaintiffs' counsel to represent the Class.

(c)    That Plaintiffs and members of the Class recover damages, including actual, consequential, and nominal damages, trebled;

(d)    That Plaintiffs and members of the Class recover pre-judgment interest and expenses of litigation, including reasonable attorney fees;

(e)    That the Plaintiffs and member of the Class have trial by jury;

(f)    That the Plaintiffs and members of the Class have such other and further relief as may be deemed just and appropriate by this Court.

Respectfully submitted,

THE BELL FIRM

*s/ John C. Bell, Jr.*
John C. Bell, Jr. (GA Bar No. 048600)
Pamela S. James (GA Bar No. 389015)
PO Box 1547
Augusta, GA  30903-1547
(706) 722-2014
john@bellfirm.net
pam@bellfirm.net

John B. Manly (GA Bar No. 194011)
James E. Shipley, Jr. (GA Bar No. 116508)
Manly Shipley LLP
PO Box 10840
Savannah, GA  31412
(912) 495-5360
john@manlyshipley.com
jim@manlyshipley.com

*Counsel for Plaintiffs*