## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## GAINSVILLE DIVISION

| | |
|---|---|
| THOMAS CHASTAIN, )<br>and JONATHAN V. DUNN, Individually )<br>And on Behalf of All Others Similarly )<br>Situated, )<br> )<br>Plaintiffs, )<br> )<br>v. )<br> )<br>BLUE LINE SOLUTIONS, LLC )<br> )<br>Defendant. ) | CLASS ACTION<br>CIVIL ACTION FILE<br>NO. 2:23-CV-160-RWS |

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION
FOR RECONSIDERATION TO VACATE DISMISSAL PURSUANT TO
FED. R. CIV. P 59(e) AND FOR LEAVE TO FILE A SECOND AMENDED
CLASS ACTION COMPLAINT**

## BACKGROUND

This is a case challenging the validity and enforcement of O.C.G.A. § 40-14-18 which is the "School Zone Electronic Enforcement Statute." Plaintiffs filed their Class Action Complaint on August 17, 2023. Dkt. 1.  Defendant Blue Line filed a 12(b)(6) Motion to Dismiss on September 12, 2023. Dkt. 6.  Plaintiffs filed, as a matter of right, an Amended Class Action Complaint under Fed.R.Civ.P. 15(a) on September 26, 2023. Dkt. 7. Defendant's pending Motion to Dismiss was denied as moot on September 29, 2023. Dkt. 9. On October 10, 2023, Defendant filed a

renewed Motion to Dismiss Plaintiffs' Amended Class Action Complaint that this Court granted on April 16, 2024.  Dkts. 11, 17.  The Clerk entered an Order of Judgment on April 16, 2024. Dkt. 18. At the time of the dismissal, the parties had not engaged in any formal discovery other than Local Rule 26.1 and Fed.R.Civ.P. 26(a)(1) initial disclosures.

## SUMMARY OF REQUESTED RELIEF

Plaintiffs timely move to vacate the Court's Order of Dismissal pursuant to Fed.R.Civ.P. 59(e) (Altering and Amending a Judgment) to allow Plaintiffs leave to file the attached Second Amended Class Action Complaint.[1]

Plaintiffs' Second Amended Class Action Complaint includes additional facts now known to Plaintiffs since the filing of the Amended Class Action Complaint and includes a new cause of action challenging the constitutionality of the School Zone Enforcement Statute and the due-process failures in the way in which the statute is being applied by the Defendant.  After receiving documents in response to numerous Open Records Requests and from a number of affected citizens who have been issued citations, Plaintiffs now have knowledge not previously available to substantiate the new allegations in the Second Amended

---

[1] Rule 59(e) provides for alteration or amendment of a judgment within 28 days after entry of the judgment.

Class Action Complaint after the Court's dismissal.  Plaintiffs did not predict that they needed to amend their complaint until after the dismissal. The proposed Second Amended Class Action Complaint is not futile, has not been filed with undue delay and does not unduly prejudice the Defendant.

### ARGUMENT AND CITATION TO AUTHORITY

1. Vacating the Order of Dismissal under Fed. R. Civ. P. 59(e) to Amend the Complaint is Supported Under Clear Eleventh Circuit Authority.

It is well within this Court's authority to grant Plaintiffs' Motion to Amend after dismissal of the complaint.  "[A]fter a complaint is dismissed, the right to amend under Rule 15(a) terminates; the plaintiff, however, may still move the court for leave to amend, and such amendments should be granted liberally." *Czeremcha v. Int's Assoc. of Machinists & Aerospace Workers*, 724 F.2d 1552, 1556 (11th Cir. 1984). A district court does not abuse its discretion when allowing amendment of a complaint after dismissal. *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 (11th Cir. 1993); *Spanish Broad. Sys. of Fla. v. Clear Channel Commc'ns,* 376 F.3d 1065,1077(11th Cir. 2004) (A plaintiff may move for relief under 59(e) by asking the court to vacate its judgment based on proposed amendments.) If the underlying facts or circumstances can be a basis for relief as set forth in the proposed Second Amended Class Action Complaint, the Plaintiffs should

have the opportunity to have their case decided on the merits. *Foman  v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L.Ed.2d 222 (1962).

Unless Plaintiffs have engaged in undue delay, bad faith, repeated failures to cure deficiencies in previous amendments, created undue prejudice to the Defendant or the amendment would be futile, the amendment should be "freely given." *Fomon* at 182.  The "Federal Rules of Civil Procedure are designed to … facilitate a proper ruling on the merits." *Diaz v. Jaguar Restaurant Group, LLC*, 627 F.3d 1212, 1214 (11th Cir. 2010).

2. The Liberal Amendment Standard of Rule 15(a) Should be Applied to Vacate the Order of Dismissal Under Rule 59(e) and Allow Plaintiffs' Leave to File the Second Amended  Class Action Complaint.

The liberal amendment standard set forth in Rule 15(a) has recently been held to apply to motions for post-dismissal amendments in the Northern District of Georgia.  *Sheffler, et al v. Americold Realty Trust*, Case No. 22-11789, 2023 WL 3918491 (11th Cir., June 9, 2023) (reversing Northern District Court's denial of Plaintiffs' post-dismissal Rule 59(e) motion seeking leave to file a second amended complaint finding that the more liberal Rule 15(a) standard should be applied to a motion for post-dismissal amendment.)[2]  The liberal amendment standard of Rule

---

[2] In *Sheffler*, the Court noted that the lower court wrongly applied a more stringent standard under Fed.R.Civ.P. 59(e) and 60(b) than Rule 15(a) relying on an unpublished panel decision in *OJ Commerce, LLC V. Ashley Furniture Industries,*

15(a) "severely restricts" a district courts discretion to dismiss a complaint without leave to amend under Fed.R.Civ.P. 15(a) which directs that leave to amend "shall freely given when justice so requires." *Dussouy v. Gulf Coast Inv. Corp.,* 660 F.2d 594, 597-98 (5th Cir. 1981) ("The disposition of the plaintiff's motion to vacate under rule 59(e) should be governed by the same considerations controlling the exercise of discretion under rule 15(a). Consequently, our discussion of the motion under rule 15(a) applies equally to the motion under rule 59(e).") *Dussouy* at 597, n. 1.

The Eleventh Circuit has followed this broad application to post-dismissal amendments since the earliest binding decision in S*panish Broadcasting Sys. Of Fla., Inc., infra.* "[L]eave to amend must be granted absent a specific, significant reason for denial" such as futility of amendment, undue delay, bad faith, undue prejudice and the same standards apply to motions seeking amendment through Rule 59(e). *Id*. at 1077.; *Thomas v. Farmville Mfg. Co., Inc.,* 705 F.2d 1307, 1307-08 (11th Cir. 1983) ("A grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim, and, in the absence of a declared or apparent reason, an outright refusal to grant leave to amend is an abuse of

---

*Inc.*, 817 F. App'x 686, 693 (11th Cir. 2020). The Eleventh Circuit did not find *OJ Commerce* persuasive because it did not discuss the *Czeremcha* line of cases. *Sheffler* at Footnote 2.

discretion."); *Thomas v. Town of Davie*, 847 F.2d 771, 773 ( 11th Cir. 1988) ("The same [Rule 15(a)] standards apply when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed. R. Civ. P 59(e)."); *Vanderberg v. Donaldson,* 259   F.3d 1321, 1326 (11th Cir. 2001) ("Rule 15(a)'s abuse of discretion standard applies when a plaintiff seeks to amend an unamended complaint after entry of judgment by moving to vacate a dismissal pursuant to Fed.R.Civ.P. 59(e)."); *Higdon v. Fulton County, Georgia*, 746 F. App'x 796, 801 (11th Cir. 2018) ("the same standard [under Rule 15(a)] applies when a plaintiff seeks to amend after a judgment of dismissal has been entered by asking the district court to vacate its order of dismissal pursuant to Fed.R.Civ.P. 59(e).").

Under clear Eleventh Circuit authority and based on the new allegations in the Second Amended Class Action Complaint, the Order of dismissal should be vacated so that Plaintiffs can file their Second Amended Class Action Complaint.

3.   <u>The Order of Dismissal Should be Vacated Even Under the More Stringent Rule 59(e) Requirements for Leave to Amend.</u>

Notwithstanding the extensive list of cases confirming that the Court should apply a liberal amendment standard and allow Plaintiffs' post-dismissal motion to file a Second Amended Class Action Complaint, several Eleventh Circuit cases have deviated from this standard and can be distinguished on the facts. *Kurimski v. Shell*

*Oil Co.*, Case No. 21-80727-CV-MIDDLEBROOKS/Matthewman, 2022 WL 2346364 (S.D.

Fla., Jan. 19, 2022) (describing two lines of Eleventh Circuit cases where one line applied the Rule 15(a) liberal standard to allow amendments after dismissal  and the other line applied the Rule 59(e) "newly-discovered evidence or manifest errors of law or fact" standard to vacate dismissal and allow an amendment.). In *Kurimski*, the court held "the interests of judicial economy and efficiency are best served by permitting" the post dismissal amendment because Plaintiff can re-file her claims on the basis of a new complaint which is the "functional equivalent of granting the motion to amend." *Id*. at p.3 (quoting *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594 (5th Cir. 1981)).

In the last year, the Eleventh Circuit in two distinct cases applied different standards to a motion to amend after dismissal of a complaint. In *Sheffler v. Americold Realty Trust*, *infra*,  the district court noted the ambiguity for a post-judgment motion to amend and applied the "stringent standards of Rules 59 and 60, not the more lenient standard of Rule 15" and denied the post-dismissal amendment. *Id.* at 1. On appeal, the Eleventh Circuit vacated the district court's order of dismissal and remanded holding that "our earliest binding precedent [*Spanish Broad. Sys. of Fla.*, 376 F.3d at 1077] provides that the 'same' liberal amendment standard also

7

applies to a Rule 59(e) motion seeking leave to file an amended complaint." *Sheffler at* 2-3.

Approximately one month later,  the Eleventh Circuit analyzed the district court's denial of a post-dismissal amendment under Rule 59(e) "newly discovered evidence or manifest errors of law or fact"  standard and Rule 60(b) "extraordinary circumstances" standard and affirmed the denial of the post-dismissal amendment. *MacPhee v. MiMidx Group, Inc.,* 73 F.4th 1220 (11th Cir. 2023).   See also *United States v. Landmark Hospital of Athens, LLC*, Case No. 3:21-cv-00036-CAR, 2023 WL 8720661 (M.D. Ga., Dec. 18, 2023) (relying on  *MacPhee* and finding no abuse of discretion in lower court's denial of a post-dismissal amendment).  The Eleventh Circuit in both *MacPhee v. MiMedx Group, Inc*. and *United States v. Landmark Hospital of Athens, LLC*  found that Plaintiffs had not met the requirements under Rule 59(e) or Rule 60(b) for the post judgment motion to vacate and request for leave to amend.  *MacPhee* at 1251; *U.S. v. Landmark* at 2.

These cases are distinguishable.  Plaintiffs' Motion to Vacate the Dismissal under Rule 59(e) in conjunction with the proposed Second Amended Class Action Complaint meets the standard necessary for relief.  The Second Amended Class Action Complaint includes significant newly discovered factual evidence based upon information received through Open Records Requests, witnesses, and proposed

class members who have come forward since the filing of the Amended Class Action Complaint.  Count One of the Second Amended Class Action Complaint establishes a new cause of action based on new information that challenges the constitutionality of the School Zone Electronic Enforcement Statute.  The proposed Second Amended Class Action Complaint does not reword or regurgitate the prior pleading dismissed by this Court. *Jacobs v. Tempur-Pedic Intern., Inc*., 626 F.3d 1327 (11th Cir. 2010).

Further, although this Court held in the Order of Dismissal that  Plaintiffs were not contesting the validity or lawfulness of the citations issued to Plaintiffs and the proposed class members, this was, in fact, a substantive challenge Plaintiffs attempted to convey in their Amended Class Action Complaint in the factual allegations regarding the sufficiency of the certificates "sworn to or affirmed" required to validate the citations. Dkt 17 at p. 17; Dkt. 7 at ¶¶ 9, 10, 17, 21. To this extent, Plaintiffs take exception to the Court's factual finding on this issue. Plaintiffs have provided additional factual allegations to substantiate these claims in the proposed Second Amended Class Action Complaint based on additional evidence since the filing of the Amended Class Action Complaint.

The now dismissed Amended Class Action Complaint asserted that Blue Line was not an agent of local governments because its contracts with local governments said it was not their agent. This Court held otherwise. The proposed Second

Amended Class Action Complaint addresses what Blue Line can and cannot do for a local government or a law enforcement agency.

Plaintiffs' Second Amended Class Action Complaint includes facts based upon newly-discovered evidence that support Plaintiffs' allegations that the statute is unconstitutional, that Blue Line is not acting as an authorized agent of Tallulah Falls  or Chatham County under the statute for certain activities and clarifies, based on new information, Plaintiffs' contentions regarding the invalidity of the citations issued to Plaintiffs and the proposed class members.

Plaintiffs' Motion to Vacate and the attached Second Amended Class Action Complaint go far beyond merely asking this Court to reexamine its dismissal. See Plaintiffs' Second Amended Class Action Complaint for the recently developed facts, facts pled to cure deficiencies and Count I challenging the constitutionality of the O.C.G.A. § 40-14-18.

**CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully move the Court to grant Plaintiffs' Motion to Vacate the Order of Dismissal and allow Plaintiffs to file the attached Second Amended Class Action Complaint.

Respectfully submitted, this 14th day of May, 2024.

*s/ John C. Bell, Jr.*
John C. Bell, Jr. (Ga. Bar No. 048600)
Pamela S. James (Ga. Bar No. 389015)
**THE BELL FIRM**
PO Box 1547
Augusta, Ga 30903-1547
john@bellfirm.net
pam@bellfirm.net

*/s/ John B. Manly*
John B. Manly (Ga. Bar No. 194011)
James E. Shipley, Jr. (Ga. Bar No. 116508)
**MANLY SHIPLEY, LLP**
Post Office Box 10840
Savannah, Georgia 31412
(912) 495-5360
john@manlyshipley.com
jim@manlyshipley.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

I  hereby certify that this document complies with Local Rule 7.1(D) as it has been prepared using Times New Roman 14-point font, and does not exceed twenty-five pages.

 *s/ John C. Bell, Jr*
John C. Bell, Jr.
Counsel for Plaintiffs

## **CERTIFICATE OF SERVICE**

This  is  to  certify  that  I  have  this   day  served  a  copy  of  the  forgoing **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR RECONSIDERATION TO VACATE DISMISSAL PURSUANT TO FED. R. CIV. P 59(e) AND FOR LEAVE TO FILE A SECOND AMENDED CLASS ACTION COMPLAINT**, upon  opposing counsel by with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing all counsel of record:

This 14th day of May, 2024.

 *s/ John C. Bell, Jr*
John C. Bell, Jr.
Counsel for Plaintiffs