# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### GAINESVILLE DIVISION

| | |
|---|---|
| THOMAS CHASTAIN, and EMMA CHASTAIN, and JONATHAN V. DUNN, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> BLUE LINE SOLUTIONS, LLC, <br><br> Defendant. | Case No. 2:23-CV-160-RWS <br><br><br> JURY TRIAL DEMANDED |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION TO VACATE ORDER OF DISMISSAL UNDER FED. R. CIV. P. 59(E) AND GRANT LEAVE TO FILE <u>SECOND AMENDED CLASS ACTION COMPLAINT</u>

Defendant Blue Line Solutions, LLC ("Blue Line" or "Defendant"), by and through its undersigned counsel, hereby files this Response in Opposition to Plaintiffs' Motion for Reconsideration to Vacate Order of Dismissal Under Fed. R. Civ. P. 59(e) and Grant Leave to File Second Amended Class Action Complaint, showing the Court as follows:

## I.     INTRODUCTION

Plaintiffs filed an initial Class Action Complaint on August 17, 2023.  (Doc. 1.)  After Blue Line filed a Motion to Dismiss, Plaintiffs filed an Amended Class Action Complaint ("FAC") on September 26, 2023.  (Doc. 7.)  Blue Line filed a

Motion to Dismiss the FAC under Rule 12(b)(1) and 12(b)(6).  (Doc. 11.)  On April 16, 2024, the Court granted Blue Line's Motion to Dismiss based on Plaintiffs' failure to state a claim under Rule 12(b)(6).  (Doc. 17.)  On that same day, the Clerk of Court entered a Judgment stating that it is "**Ordered and Adjudged** that the action be, and the same hereby is, dismissed."  (Doc. 18.)

Plaintiffs now file a post-judgment Motion for reconsideration to vacate the Order of dismissal under Rule 59(e) and seek leave to file a Second Amended Class Action Complaint ("Motion").  Plaintiffs contend that their proposed Second Amended Class Action Complaint ("SAC") "includes additional facts now known to Plaintiffs since the filing of the Amended Class Action Complaint and includes a new cause of action challenging the constitutionality of the School Zone Enforcement Statute and the due-process failures in the way in which the statute is being applied by the Defendant."  (Doc. 19-3 at p. 2.)  Plaintiffs' Motion fails for the following reasons.

First, the Court should deny relief from judgment because Plaintiffs have not met the difficult burden under Rule 59 of proving "newly-discovered evidence or manifest errors of law or fact" that would justify reconsideration of the Court's April 16, 2024 Order ("Order"). *PBT Real Est., LLC v. Town of Palm Beach,* 988 F.3d 1274, 1287 (11th Cir. 2021) (quotation omitted).  Similarly, Plaintiffs have not even attempted to meet their burden under Rule 60, including under Rule 60(b)(6) of

showing exceptional circumstances for relief.  *See S.E.C. v. Simmons*, 241 F. App'x 660, 662-63 (11th Cir. 2007).  Instead, Plaintiffs regurgitate the arguments concerning the citations they received that the Court considered and rejected. These repackaged arguments do not merit a different outcome. Therefore, the request for relief from judgment fails.

Second, the Court should deny leave to amend because "Rule 15(a), by its plain language, . . . has no application *after* judgment is entered," *Jacobs v. Tempur-Pedic Int'l, Inc.,* 626 F.3d 1327, 1344 (11th Cir. 2010) (citation omitted).  Now that the Court has dismissed the FAC, Plaintiffs are not entitled to add new factual allegations without "explain[ing] why they could not have asserted these claims in [that earlier] Complaint." *Fenello v. Bank of Am., N.A.,* 926 F. Supp. 2d 1342, 1352–53 (N.D. Ga. 2013).  "Such unexplained tardiness constitutes undue delay." *Carruthers v. BSA Advertising, Inc.*, 357 F.3d 1213, 1218 (11th Cir. 2004). Accordingly, Plaintiffs' request should be denied for being untimely and for Plaintiffs' failure to explain the delay.

Third, even if the proposed amendments were timely, they would still be futile as the claims remain subject to dismissal under Rule 12(b)(6) for failure to state claims against Blue Line. *See Mizarro v. Home Depot, Inc.,* 554 F.3d 1230, 1255 (11th Cir. 2008).

For these reasons and the reasons set forth below, the Court should deny

Plaintiffs' Motion.

## II.    <u>ARGUMENT AND CITATION OF AUTHORITY</u>

### A.   <u>Standard of Review</u>

Plaintiffs contend that their Motion for leave to amend should be analyzed under the more liberal standard of Rule 15. However, Eleventh Circuit precedent provides that a post-judgment motion for leave to amend should be analyzed under Rule 59(e) and 60(b). *See MacPhee v. MiMedx Group, Inc.*, 73 F.4th 1220 (11th Cir. 2023). *MacPhee* recognized "that there is some tension in our circuit's case law on the proper standard for a court to evaluate a *post-judgment* motion for leave to amend, i.e., whether the standards of Rule 15(a) or the standards of Rules 59(e) and 60(b) apply." (*Id.* at 1249.) Applying the earliest case rule, the Eleventh Circuit relied on *Czeremcha v. International Ass'n of Machinists & Aerospace Works, AFL-CIO,* 724 F.2d 15552, (11th Cir. 1984) as applying to "post-judgment motions where the plaintiff has already amended its complaint and the district court has discretion in granting leave to amend." *MacPhee*, 73 F.4th at 1250. Applying *Czeremcha*, the Eleventh Circuit reviewed the district court's denial of a post-judgment request for leave to amend under the standards governing Rules 59(e) and 60(b). *Id.*

Plaintiffs primarily rely on *Sheffler v. Americold Realty Trust*, Case No. 22-11789, 2023 WL 3918491 (11th Cir. June 9, 2023) for the proposition that the Rule 15(a) standard should apply to the analysis. However, that case is distinguishable.

*Sheffler*, a data breach case, involved an unusual procedural history and an intervening decision that affected the plaintiffs' negligence claim and, thus, the Court's ruling. As the court noted, the plaintiffs "pointed out that the district court created a new legal standard for data breach negligence claims that [defendant] Americold had not presented in its motion to dismiss. Indeed, the plaintiffs would have been hard-pressed to predict that they might need to amend their complaint to add more specific foreseeability allegations in response to Americold's renewed motion to dismiss." *Id.* at \*3. Additionally, the court recognized that in denying leave to amend, the district court did not find that the proposed amendment would be futile, that there was undue delay, or that defendant would be prejudiced by the amendment. *Id.* The court noted that its recent opinion reversing the dismissal of a similar negligence claim in a data breach class action undermined dismissal of the plaintiffs' negligence claim. *Id.* Those circumstances are not present here.

Moreover, the weight of recent authority counsels that the standards of Rules 59(e) and 60(b) govern and must be satisfied before obtaining leave to amend. *See OJ Commerce, LLC v. Ashley Furniture Indus., Inc.,* 817 F. App'x 686, 693 (11th Cir. 2020) ("[p]ost-judgment, the plaintiff may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)") (citations omitted). Other cases also reiterate this same principle. *See, e.g., Tsavaris v. Pfizer, Inc.,* 717 F. App'x 874, 876-77 (11th Cir. 2017) (district court does not abuse its discretion in denying post-

judgment motion to amend where plaintiff fails to present newly-discovered evidence supporting her claim or manifest errors of law or fact in the judgment and only raises arguments "that could have been raised prior to the entry of judgment") (citations omitted); *Freeman v. Willie A. Watkins Funeral Home of Riverdale, Inc.,* No. 1:16-cv-377-WSD, 2017 WL 836056, at *1-2 (N.D. Ga. Mar. 3, 2017) (plaintiff must first show that reopening case is appropriate under Rule 59(e)); *Shuler v. Strange,* No. 2:16-cv-695-VEH, 2017 WL 748515, at *2-3 (N.D. Ala. Feb. 27, 2017) ("[T]he Eleventh Circuit has explained that granting leave to amend under Rule 15(a) is not appropriate post-judgment unless a party has obtained relief from that judgment under Rule 59(e) or Rule 60(b).").

As explained below, Plaintiffs' Motion fails under Rule 59(e) and 60(b) standards as well as under Rule 15(a).

**B.**   **The Court Should Deny Reconsideration of its April 16, 2024 Order Under Rules 59(e) and 60(b)**

A grant of a motion to reconsider is an extraordinary remedy to be employed sparingly. *Ctr. For Biological Diversity v. Hamilton*, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005). "The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *PBT Real Estate, LLC*, 988 F.3d at 1287 (*quoting In re Kellogg*, 197 F.3d 1116, 1119 (11th Cir. 1999). "[A] Rule 59(e) motion [cannot be used] to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Id.*,

(*quoting Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).)

Relief from a judgment under Rule 60(b)(6) is even more difficult to obtain. *See Simmons*, 241 F. App'x at 662-63 ("Relief under Rule 60(b)(6) is available only 'upon a showing of exceptional circumstances.'") (*quoting Cavaliere v. Allstate Ins. Co.*, 996 F.2d 1111, 1115 (11th Cir. 1993)).  *See also Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000) ("[A] Rule 60(b)(6) movant must persuade the court that the circumstances are sufficiently extraordinary to warrant relief.") (internal punctuation and citation omitted).  "These [extraordinary or exceptional] circumstances must create a substantial danger the underlying judgment was unjust, which showing must be 'substantial.'"  *S.E.C. v. Pitters*, No. 09-20957-CIV, 2011 WL 4527811, at *6 n.2 (S.D. Fla. Sept. 28, 2011) (citation omitted).

1.     **Plaintiffs Do Not Establish Grounds for Reconsideration on the Basis of Newly-Discovered Evidence**

Plaintiffs fail to satisfy their burden for reconsideration under Rule 59(e) on the basis of newly-discovered evidence.  Although they contend that the SAC includes "additional facts now known to Plaintiffs since the filing of the Amended Class Action Complaint" (Doc. 19-3 at p. 2), this assertion alone does not meet their burden.  Plaintiffs provided scant detail about these "additional facts" in their Motion.  For example, they state that the SAC "includes facts based upon newly-discovered evidence that support Plaintiffs' allegations that the statute is

unconstitutional, that Blue Line is not acting as an authorized agent of Tallulah Falls or Chatham County under the statute for certain activities and clarifies, based on new information, Plaintiffs' contentions regarding the invalidity of the citations issued to Plaintiffs and the proposed class members." (Doc. 19-3 at p. 10.)  Nevertheless, the Plaintiffs do not point to a single allegation in their SAC that relies on or cites "newly-discovered evidence." Similarly, they do not state when they discovered this mystery evidence or why it could not have been discovered before this Court dismissed their FAC.

Although Plaintiffs do not specifically identify the new information in their Motion, a comparison of the FAC and the SAC shows that Plaintiffs appear to have added limited information and/or contentions to the SAC.  For example, Plaintiffs emphasize that Chastain's citation does not state that he was driving the vehicle at the time.  (*See, e.g.,* SAC ¶ 10.)  This is not new information at all, as the citation was attached to the Complaint and the FAC. Instead, Chastain merely frames this issue differently to highlight the alleged defect. In so doing, Plaintiffs overlook for a third time that they had the right to contest the citation before paying it, as Blue Line argued in its Motion to Dismiss the FAC.

Plaintiffs also assert that the statute limits available defenses.  (*See* SAC ¶ 42.) Chastain does not cite new evidence here, but rather present a new argument.  the statutory language has not changed since the filing of the initial Complaint or since

the filing of the FAC, so the new argument was available to Plaintiffs at all times in this litigation. Moreover, Plaintiffs' assertion misinterprets the import of § 40-14-18(b)(4). That provision does not limit available defenses but instead provides that the owner of the vehicle may rebut a presumption with relatively scant evidence. *Id.* Again, Plaintiff did not avail himself of the opportunity to do so.

Plaintiffs do seem to add a handful of "new" factual *allegations*, namely the location of the camera with respect to the school and the population of Tallulah Falls. (*See* SAC ¶ 45.) Those facts were known at the time of the initial Complaint and FAC and, therefore, do not amount to newly-discovered evidence. Similarly, Plaintiffs' reference to the amount of money collected by Tallulah Falls is not new evidence, either, as Plaintiffs had already cited a portion of that information about money collected that was available from "public records" in response to Blue Line's Motion to Dismiss. (Doc. 14 at p. 3.) Indeed, Plaintiffs seem to be conflating new allegations based on existing evidence with the actual standard here: that the evidence must be newly discovered *after the entry of a final judgment*. Plaintiffs cannot say without risking sanctions that they base any of these new allegations on evidence that was not readily available to them until after entry of judgment.

Overall, Plaintiffs raise these new allegations (again, not new evidence) to support a recharacterized claim that the Statute is unconstitutional as written and applied by Blue Line in Count I of the SAC. However, the Court already determined

that Blue Line was authorized by Tallulah Falls and Chatham County to administer and aid in enforcement of § 40-14-18.  (Doc. 17 at p. 38.)  Also, to the extent that Plaintiffs purport to include "new" evidence to support its argument that Blue Line was not an agent under the Statute, this issue was already resolved in the Order.  The Court determined, "as a matter of law, that Blue Line was, in fact, acting as an agent and that its agency was both permissible under § 40-14-18 and supported by the parties' respective contractual agreements." (Doc. 17 at p. 39.)  In sum, Plaintiffs' purported "new" evidence does not provide a basis for reconsideration.

Significantly, a "reconsideration motion may not be used to offer new legal theories or evidence that could have been presented in conjunction with the previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation." *Adler v. Wallace Computer Servs., Inc.*, 202 F.R.D. 666, 675 (N.D. Ga. 2001) (*citing O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992)).  Plaintiffs fail to explain why they did not obtain these "additional facts" earlier.  Among other things, Plaintiffs claim that they received new information from Open Records requests, but do not explain why they could not have obtained such information earlier.  Similarly, they fail to identify the new information, and they fail to identify when they requested the information and when they received it. For this additional reason, Plaintiffs' Motion should be denied.

In sum, Plaintiffs do not identify newly-discovered evidence sufficient for the

Court to reconsider its Order.  Therefore, they fail to establish their burden under Rule 59(e).

### 2. Plaintiffs Do Not Establish Grounds for Reconsideration on the Basis of Manifest Errors of Law or Fact

Plaintiffs also fail to establish that the Court's Order contained manifest errors of law or fact.  Notwithstanding their assertions to the contrary, Plaintiffs have simply repackaged familiar arguments in new theories.  Plaintiffs contend that, "although this Court held in the Order of Dismissal that Plaintiffs were not contesting the validity or lawfulness of the citations issued to Plaintiffs and the proposed class members, this was, in fact, a substantive challenge Plaintiffs attempted to convey in their Amended Class Action Complaint in the factual allegations regarding the sufficiency of the certificates 'sworn to or affirmed' required to validate the citations."  (Doc. 19-3 at p. 9.)  Therefore, Plaintiffs claim, "Plaintiffs take exception to the Court's factual finding on this issue."  (Id.) Plaintiffs further assert that they "have provided additional factual allegations to substantiate these claims in the proposed Second Amended Class Action Complaint based on additional evidence since the filing of the Amended Class Action Complaint."  (Id.)

As discussed above, Plaintiffs do not identify those facts in the Motion or reference the location of such facts in the SAC.  Nevertheless, Plaintiffs' arguments must fail, because the Court's statement about Plaintiffs not contesting the validity

or lawfulness of the Citations concerned Defendant's arguments as to Article III standing and otherwise does not affect the holding as to the validity of the Citations. Specifically, the Court referenced Plaintiffs' citation to *Brucker v. City of Doraville*, Civil Action No. 1:18-cv-2375-RWS, noting that "[u]nlike *Brucker*, Plaintiffs here do not contest the validity or lawfulness of their Citations or assert that the enforcement of § 40-14-18 promotes corruption among law enforcement officials and/or other civil servant employees." (Doc. 17 at p. 17.) The Court explained, "Rather, Plaintiffs take issue with governing bodies and/or local law enforcement agencies using Blue Line – a third-party entity – to enforce and collect percentage-based fees when the private, for-profit, out-of-state entity is purportedly not authorized to do so by statute." (Doc. 17 at pp. 17-18.) This discussion concerns Defendant's argument that Plaintiffs fail to establish Article III standing under Rule 12(b)(1), which the Court ultimately rejected. As such, any determination about whether Plaintiffs contested the validity or lawfulness of their Citations does not affect the dismissal of Plaintiffs' FAC for failure to state a claim under Rule 12(b)(6).

Furthermore, the Court separately analyzed the validity or lawfulness of the Citations when examining Plaintiffs' individual claims. For example, the Court's Order notes that "Plaintiffs allege that the Notice of Citation is deficient as a matter of law for failing to satisfy statutory requirements." (Doc. 17 at p. 49.) The Court did "not accept as true Plaintiffs' allegations contradicted by the exhibits attached

and relied upon by the CAC or the language found within the governing statute." (*Id.*) Moreover, the Court correctly recognized that the Citations attached as exhibits to the FAC "include a statement where 'a certified peace officer' affirms that he has reviewed the evidence and found the subject vehicle 'was operated in disregard or disobedience of the speed limit in the marked school zone.'" *Id.* Accordingly, the Court correctly held that this affirmation meets the requirements of § 40-14-18(b)(2)(D). *Id.*

Based on the above, Plaintiffs do not identify any actual manifest error of fact or law sufficient for the Court to reconsider its Order. Therefore, they fail to establish their burden under Rule 59(e).

### 3.   The Court Should Deny Plaintiffs' Motion Under Rule 60(b)

Plaintiffs do not even attempt to satisfy the requirements of Rule 60(b). They do not assert any basis for relief under Rule 60(b) and otherwise can point to no exceptional or extraordinary circumstances requiring relief from the judgment under Rule 60(b)(6). *See Simmons*, 241 F. App'x at 662-63; *Toole*, 235 F.3d at 1317. As explained above, any efforts to establish relief under Rule 60 should be denied. For example, under Rule 60(b)(1), a party may seek relief from a final judgment based on mistakes in the application of law. *MacPhee*, 73 F.4th at 1251. As shown above, Plaintiffs have identified no such mistakes. Therefore, their motion should be denied for this reason as well.

**C.** **The Court Should Deny Leave to File the Second Amended Complaint.**

As explained above, Eleventh Circuit authority provides that Plaintiffs must satisfy Rule 59(e) and 60(b) standards before obtaining leave to amend.  *See OJ Com., LLC,* 817 F. App'x at 693.  Accordingly, because Plaintiffs cannot meet the applicable standards, leave to amend should be denied.  Nevertheless, even if they were able to do so, Plaintiffs' Motion should be denied under Rule 15 as well.  Amendments are not permitted where the party seeking leave to amend has unduly delayed or where amendment is futile.  *See Burger King Corp. v. Weaver*, 169 F.3d 1310, 1318-19 (11ᵗʰ Cir. 1999); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-63 (11ᵗʰ Cir. 2004).  As explained below, Plaintiffs have delayed unnecessarily in bringing their motion for leave to amend and, even if their Motion was timely, the proposed SAC is futile.

**1.** **Plaintiffs' Request to Amend Should Be Denied Due to Delay**

As discussed above, Plaintiffs fail to establish how their "new" allegations that they seek to include in their SAC are matters that could not have been asserted before the Court's judgment.  Plaintiffs also fail to explain why they could not have moved to amend the Complaint during the more than six month period that Blue Line's Motion to Dismiss was pending.  Moreover, Plaintiffs do not explain why they could not have added their constitutional claim to the FAC.  The reality is that they could have, but they did not.  Maybe it was a strategic decision, or maybe it was

14

oversight. Indeed, Plaintiffs seem to readily admit that they could have sought to amend their Complaint prior to entry of judgment when they say, "Plaintiffs did not predict that they needed to amend their complaint until after the dismissal." (*See* Doc 19 at pg. 3.)  For this reason alone, Plaintiffs' request to amend should be denied. *See Maynard v. Bd. Of Regents of Div. of Univ. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (denying motion to amend where "no good reason why" plaintiff could not have sought amendment earlier where absence of claim in original complaint was not explained and other information was known early on); *Depofi v. DynCorp International LLC*, No. 1:08-cv-1792-TCB, 2009 WL 10671361, at *3 (N.D. Ga. May 18, 2009) (denying leave to amend in part based on plaintiff's failure to "adequately explain why these two claims could not and should not have been asserted at the outset of the litigation.")

### 2.   Plaintiffs' Proposed Amendment Would be Futile

A court need not grant leave to amend where amendment would be futile. *See Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ.*, 342 F.3d 1281, 1287 (11th Cir. 2003). "[D]enial of leave to amend is [also] justified by futility when the complaint as amended is still subject to dismissal." *Hall*, 367 F.3d at 1263 (quoting *Weaver*, 169 F.3d at 1320). *See also Amick v. BM & KM, Inc.*, 275 F. Supp. 2d 1378, 1381 (N.D. Ga. 2003) ("In the Eleventh Circuit, a proposed amendment is futile when the allegations of the proffered complaint would be unable to withstand

a motion to dismiss.").  As explained below, Plaintiffs' proposed amendment would be futile because it does not cure the deficiencies identified by the Court and is otherwise unable to withstand a motion to dismiss.

### a.    The Constitutional Claim (Count I)

Plaintiffs have repackaged familiar arguments in new theories.  In the SAC, they have dropped Emma Chastain as a named Plaintiff and have also dropped their claims for Georgia RICO, Fraud and Deceipt, and Declaratory Injunctive Relief. Now they purport to assert claims that O.C.G.A. § 40-14-18 is Unconstitutional as Written and as Applied by Blue Line (Count I) and for Money Had and Received and Unjust Enrichment (Count II).  Plaintiffs' attempt to reconfigure prior arguments in these claims is unavailing.

In Count I, Plaintiffs repackage many of their same arguments under a new theory, but these assertions rely on the same, unsuccessful contentions in their FAC. For example and as explained above, the Court already ruled that Blue Line's actions complied with the statute and that Blue Line was acting in accordance with statutory agency that the Statute authorized.  (Doc. 17 at p. 38-39.)  Additionally, the party authorizing Blue Line to act as its agent is the relevant municipality.   The municipality chose to enlist Blue Line's help to enforce the municipality's rights under the statute.  Accordingly, the municipality is the proper defendant in an action concerning whether the conduct is constitutional.

Moreover, the constitutionality claim rewrites the statute as a criminal statute, not one that authorized civil penalties. As one that authorizes civil penalties and authorizes a person to whom a citation is issued to defend, there is no real argument that due process is not afforded. The Citations themselves identify the process for challenging the Citations. Plaintiffs simply elected not to follow them.

For these reasons, Plaintiffs' reframed arguments in Count I of the SAC remain subject to dismissal such that any amendment is futile. *See, e.g., King v. Lumpkin*, No. 1:11-cv-0549-WSD, 2013 WL 12142372 at *3 (N.D. Ga. Jan. 14, 2013) (denying leave to amend to allege violation of constitutional rights on basis that amendment would be futile).

### b.   Money Had and Received and Unjust Enrichment Claim (Count II)

Plaintiffs' FAC included a Money Had and Received Count and the SAC now includes a count entitled Money Had and Received and Unjust Enrichment. To establish a claim for money had and received, the Plaintiffs "must show (1) that a party has received money justly belonging to [the Plaintiffs]; and (2) that the [Plaintiffs have] made a demand for repayment which was refused." *John Hancock Life Ins. Co. v. Andrews*, 2017 WL 413259, at *6 (N.D. Ga. Jan. 31, 2017). At its root, money had and received authorizes recovery only "against one who holds the money of another which he ought in equity and good conscience to refund." *Id.* Such action is the "functional equivalent of an action for unjust enrichment." *Id.*

Plaintiffs' change in the nomenclature of this count and the minimal revisions to the count do not save it from dismissal.

Plaintiffs' claim still raises the same issues of whether Blue Line has money justly belonging to Plaintiffs. As the Court noted in its Order, "[T]he common thread running through cases allowing recovery for money had and received is that the defendant came into possession of money of the plaintiff improperly or through some mistake." (Doc. 17 at p. 38 (*quoting Gregg & Assocs., Inc. v. Lamm*, 2010 WL 11595749, at *3 (N.D. Ga. Mar. 11, 2010).) The Court went on to explain that Blue Line was authorized by Tallulah Falls and Chatham County to administer and aid in enforcement of § 40-14-18. (Doc. 17 at p. 38.) The Court further determined that that the "lynchpin" for Plaintiffs' claim was the issue of agency. It determined, "as a matter of law, that Blue Line was, in fact, acting as an agent and that its agency was both permissible under § 40-14-18 and supported by the parties' respective contractual agreements." (Doc. 17 at p. 39.) The Court reiterated that this is "purely a legal determination." (*Id.*) Because Plaintiffs' revisions to this claim cannot save it from dismissal, their request to amend should be denied.

## III.   <u>CONCLUSION</u>

For the reasons stated herein, Defendant respectfully requests that the Court deny Plaintiff's Motion for Reconsideration to Vacate Order of Dismissal Under Fed. R. Civ. P. 59(e) and Grant Leave to File Second Amended Class Action

Complaint.

This 28th day of May, 2024.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Travis A. Knobbe*
Travis A. Knobbe
Ga. Bar No. 763132
travis.knobbe@fmglaw.com
Matthew N. Foree
Ga. Bar No. 268702
mforee@fmglaw.com
Lucas B. Zavoli
Georgia Bar No. 758581
Luke.zavoli@fmglaw.com

*Counsel for Defendant Blue Line Solutions, LLC*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
Telephone: (678) 966-9054
Facsimile: (833) 330-3669

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that the foregoing pleading complies with Northern District of Georgia Local Rule 5.1(C) regarding all spacing, font, and font size requirements.

This 28th day of May, 2024.

Respectfully submitted,

**FREEMAN MATHIS & GARY, LLP**

*/s/ Travis A. Knobbe*
Travis A. Knobbe
Ga. Bar No. 76313
travis.knobbe@fmglaw.com
Matthew N. Foree
Ga. Bar No. 268702
mforee@fmglaw.com
Lucas B. Zavoli
Georgia Bar No. 758581
Luke.zavoli@fmglaw.com

*Counsel for Defendant Blue Line Solutions, LLC*

100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
Telephone: (678) 966-9054
Facsimile: (833) 330-3669

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this day I electronically filed the within and foregoing **DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION TO VACATE ORDER OF DISMISSAL UNDER FED. R. CIV. P. 59(E) AND GRANT LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT** with the Clerk of Court using the CM/ECF system, which will automatically send electronic mail notification of such filing to the following counsel of record:

John C. Bell, Jr., Esq.
Pamela S. James, Esq.
THE BELL FIRM
P. O. BOX 1547
Augusta, GA 30903-1547

John B, Manly, Esq.
James E. Shipley, Jr., Esq.
MANLY SHIPLEY, LLP
P. O. BOX 10840
Savannah, GA 31412

[DATE AND SIGNATURE ON NEXT PAGE]

This 28th day of May, 2024.

/s/ Travis A. Knobbe
Travis A. Knobbe
Ga. Bar No. 763132
travis.knobbe@fmglaw.com

*Counsel for Defendant Blue Line Solutions, LLC*

FREEMAN MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
Telephone: (678) 966-9054
Facsimile: (833) 330-3669