4months,APPEAL,CLASS,CLOSED

# U.S. District Court
## Northern District of Georgia (Gainesville)
## CIVIL DOCKET FOR CASE #: <u>2:23−cv−00160−RWS</u>

| | |
|---|---|
| Chastain et al v. Blue Line Solutions, LLC | Date Filed: 08/17/2023 |
| Assigned to: Judge Richard W. Story | Date Terminated: 07/10/2025 |
| Cause: 28:1332 Diversity−Fraud | Jury Demand: Plaintiff |
| | Nature of Suit: 370 Other Fraud |
| | Jurisdiction: Diversity |

**<u>Plaintiff</u>**

**Thomas Chastain**　　　　　　　　represented by **John Chapman Bell , Jr.**
The Bell Firm
PO Box 1547
Augusta, GA 30903−1547
706−722−2014
Fax: 706−722−7552
Email: john@bellfirm.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Bell Manly**
Manly Shipley, LLP
P.O. Box 10840
Savannah, GA 31412
912−495−5360
Fax: 844−362−4952
Email: john@manlyshipley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pamela S. James**
Bell James & Bentley
Lafayette Center − 3rd Floor
P.O. Box 1547
945 Broad Street
Augusta, GA 30903−1547
404−722−2014
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Everett Shipley , Jr.**
Manly Shipley, LLP
P.O. Box 10840
Savannah, GA 31412
912−495−5360
Fax: 844−362−4952
Email: jim@manlyshipley.com
*ATTORNEY TO BE NOTICED*

ATTEST: A TRUE COPY
CERTIFIED THIS

Date: Aug 04 2025

KEVIN P. WEIMER, Clerk

By: s/ D. McGoldrick
Deputy Clerk

1

**Plaintiff**

**Emma Chastain**
*Individually and on Behalf of All Others Similarly Situated*
*TERMINATED: 09/11/2024*

represented by **John Chapman Bell , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Bell Manly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pamela S. James**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**James Everett Shipley , Jr.**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jonathan V. Dunn**
*Individually And on Behalf of All Others Similarly Situated*

represented by **James Everett Shipley , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Chapman Bell , Jr.**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John Bell Manly**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pamela S. James**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Blue Line Solutions, LLC**

represented by **Scott Eric Anderson**
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
770–303–8638

2

Email: scott.anderson@fmglaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Cameron N. Regnery**
Freeman Mathis & Gary, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
470–228–3500
Email: cameron.regnery@fmglaw.com
*ATTORNEY TO BE NOTICED*

**Lucas Zavoli**
Freeman Mathis & Gary LLP – Atlanta, GA
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
951–216–9028
Email: luke.zavoli@fmglaw.com
*TERMINATED: 01/03/2025*

**Matthew Nolan Foree**
Wilson Elser Moskowitz Edelman & Dicker LLP
3348 Peachtree Rd. NE
Ste. 1400
Atlanta, GA 30326
470–419–6650
Fax: 470–419–6651
Email: matthew.foree@wilsonelser.com
*TERMINATED: 09/05/2024*

**Travis A. Knobbe**
TK Law, LLC
410 Peachtree Parkway
Suite 4245
Cumming, GA 30041
470–820–2810
Email: travisk@tklaw–ga.com
*TERMINATED: 11/06/2024*

**William Hale , III**
Freeman Mathis & Gary LLP – Atlanta, GA
100 Galleria Parkway
Suite 1600
Atlanta, GA 30339
770–375–1517
Email: wlhale@fmglaw.com
*TERMINATED: 01/08/2025*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/17/2023 | 1 | CLASS ACTION COMPLAINT, with Jury Demand, filed by Thomas Chastain, Emma Chastain. (Filing fee $402, receipt number AGANDC–12823624) (Attachments: # 1 Exhibits, # 2 Civil Cover Sheet)(ddm) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 08/17/2023) |
| 08/17/2023 | 2 | Electronic Summons Issued as to Blue Line Solutions, LLC. (ddm) (Entered: 08/17/2023) |
| 08/17/2023 | 3 | Certificate of Interested Persons by Emma Chastain, Thomas Chastain. (Bell, John) (Entered: 08/17/2023) |
| 08/21/2023 | 4 | **COURT NOTICE OF FILING: Standing Order Regarding Civil Litigation by Judge Richard W. Story.** (sk) (Entered: 08/21/2023) |
| 09/07/2023 | 5 | Return of Service Executed by Thomas Chastain, Emma Chastain. Blue Line Solutions, LLC served on 8/22/2023, answer due 9/12/2023. (Manly, John) (Entered: 09/07/2023) |
| 09/12/2023 | 6 | MOTION to Dismiss *Class Action Complaint* with Brief In Support by Blue Line Solutions, LLC. (Attachments: # 1 Brief in Support of Motion to Dismiss)(Knobbe, Travis) (Entered: 09/12/2023) |
| 09/26/2023 | 7 | AMENDED COMPLAINT against Blue Line Solutions, LLCwith Jury Demand filed by Thomas Chastain, Emma Chastain. (Attachments: # 1 Exhibit A – I)(Bell, John) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 09/26/2023) |
| 09/28/2023 | 8 | MOTION to Confirm that Jonathan V. Dunn is a Plaintiff 7 Amended Complaint, with Brief In Support by Emma Chastain, Thomas Chastain. (Attachments: # 1 Text of Proposed Order)(Bell, John) (Entered: 09/28/2023) |
| 09/28/2023 | 9 | ORDER that Defendants Motion [Dkt. 6 ] to Dismiss the original complaint is DENIED as MOOT. It is further ORDERED that Plaintiff's Motion to Confirm [Dkt. 8 ] is likewise DENIED as MOOT. Signed by Judge Richard W. Story on 09/28/23. (rsg) (Entered: 09/28/2023) |
| 10/04/2023 | 10 | NOTICE of Appearance by James Everett Shipley, Jr on behalf of Emma Chastain, Thomas Chastain (Shipley, James) (Entered: 10/04/2023) |
| 10/10/2023 | 11 | MOTION TO DISMISS Plaintiffs' Amended Class Action Complaint with Brief In Support by Blue Line Solutions, LLC. (Attachments: # 1 Brief in Support) (Knobbe, Travis) (Entered: 10/10/2023) |
| 10/24/2023 | 12 | Consent MOTION for Extension of Time respond to Defendant's motion to dismiss re: 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM by Emma Chastain, Thomas Chastain. (Attachments: # 1 Text of Proposed Order)(Bell, John) (Entered: 10/24/2023) |
| 10/24/2023 | 13 | ORDER granting 12 Plaintiffs' Consent Motion for Extension of Time to Respond to Defendant's Motion to Dismiss. Plaintiffs shall file their response to Defendant's motion on or before October 30, 2023. Signed by Judge Richard W. Story on |

| | | |
|---|---|---|
| | | 10/24/2023. (ddm) (Entered: 10/24/2023) |
| 10/25/2023 | 14 | RESPONSE in Opposition re 11 MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM filed by Emma Chastain, Thomas Chastain. (Bell, John) (Entered: 10/25/2023) |
| 11/08/2023 | 15 | REPLY BRIEF in Support of 11 MOTION TO DISMISS Plaintiffs' Amended Class Action Complaint filed by Blue Line Solutions, LLC. (Knobbe, Travis) Modified on 11/8/2023 to edit docket text (ddm). (Entered: 11/08/2023) |
| 11/08/2023 | | Submission of 11 MOTION TO DISMISS Plaintiffs' Amended Class Action Complaint, to District Judge Richard W. Story. (sk) (Entered: 11/08/2023) |
| 11/16/2023 | 16 | Initial Disclosures by Emma Chastain, Thomas Chastain. (Attachments: # 1 Exhibit A Witness List, # 2 Exhibit B Expert Witness List, # 3 Exhibit C Document List, # 4 Exhibit D Category of Damages, # 5 Exhibit E Insurance Agreement)(Bell, John) (Entered: 11/16/2023) |
| 04/16/2024 | 17 | ORDER GRANTING Defendant Blue Line Solutions, LLC's Motion to Dismiss Plaintiffs' Class Action Complaint 11 . Signed by Judge Richard W. Story on 04/16/2024. (ddm) (Entered: 04/16/2024) |
| 04/16/2024 | 18 | CLERK'S JUDGMENT entered dismissing action. (ddm)––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– (Entered: 04/16/2024) |
| 04/16/2024 | | Civil Case Terminated. (ddm) (Entered: 04/16/2024) |
| 05/14/2024 | 19 | MOTION for Reconsideration to Vacate Order of Dismissal under Fed R. Civ. P. 59(e) and Grant Leave to File Second Amended Class Action Complaint, with Brief In Support, filed by Thomas Chastain. (Attachments: # 1 Exhibit Proposed 2nd Amended Complaint, # 2 Exhibit Exhibits to proposed 2nd Amended Complaint, # 3 Brief, # 4 Text of Proposed Order)(Brigham, Leroy) (Entered: 05/14/2024) |
| 05/28/2024 | 20 | RESPONSE in Opposition re 19 MOTION for Reconsideration to Vacate Order of Dismissal under Fed R. Civ. P. 59(e) and Grant Leave to File Second Amended Class Action Complaint filed by Blue Line Solutions, LLC. (Knobbe, Travis) (Entered: 05/28/2024) |
| 06/11/2024 | 21 | MOTION for Extension of Time to file reply brief re: 19 MOTION for Reconsideration to Vacate Order of Dismissal under Fed R. Civ. P. 59(e) and Grant Leave to File Second Amended Class Action Complaint by Thomas Chastain. (Attachments: # 1 Text of Proposed Order)(Bell, John) (Entered: 06/11/2024) |
| 06/11/2024 | 22 | ORDER granting 21 Plaintiffs' Motion for Extension of Time to File Reply Brief. Plaintiffs shall file their reply brief on or before Tuesday, June 18, 2024. Signed by Judge Richard W. Story on 06/11/2024. (ddm) (Entered: 06/11/2024) |
| 06/18/2024 | 23 | REPLY to Response to Motion re 19 MOTION for Reconsideration to Vacate Order of Dismissal under Fed R. Civ. P. 59(e) and Grant Leave to File Second Amended Class Action Complaint filed by Thomas Chastain. (Attachments: # 1 Exhibit)(Bell, John) (Entered: 06/18/2024) |
| 06/18/2024 | | Submission of 19 MOTION for Reconsideration to Vacate Order of Dismissal under Fed R. Civ. P. 59(e) and Grant Leave to File Second Amended Class Action Complaint, to District Judge Richard W. Story. (sk) (Entered: 06/18/2024) |

| 07/30/2024 | 24 | NOTICE by Thomas Chastain *of Related Litigation* (Bell, John) (Entered: 07/30/2024) |
|---|---|---|
| 09/04/2024 | 25 | MOTION to Withdraw Matthew Nolan Foree as Attorneyby Blue Line Solutions, LLC. (Attachments: # 1 Text of Proposed Order)(Foree, Matthew) (Entered: 09/04/2024) |
| 09/05/2024 | 26 | ORDER granting 25 Motion to Withdraw as Attorney filed by Matthew Nolan Foree. Signed by Judge Richard W. Story on 09/05/2024. (ddm) (Entered: 09/05/2024) |
| 09/06/2024 | 27 | ORDER granting 19 MOTION for Reconsideration to Vacate Order of Dismissal under Fed R. Civ. P. 59(e) and Grant Leave to File Second Amended Class Action Complaint. The Clerk is DIRECTED to reopen the case. It is further ORDERED that, once the case is reopened, Plaintiffs may file their Proposed Second Amended Class Action Complaint [Dkt. 19–1]. Defendant's Answer or other response to the SAC will be due within 14 days of the filing of the SAC. Signed by Judge Richard W. Story on 9/06/2024. (rsg) (Entered: 09/06/2024) |
| 09/11/2024 | 28 | Second AMENDED COMPLAINT against Blue Line Solutions, LLCwith Jury Demand filed by Thomas Chastain, Jonathan V. Dunn. (Bell, John) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. Modified on 9/11/2024 to edit filers (ddm). (Entered: 09/11/2024) |
| 09/20/2024 | 29 | MOTION for Extension of Time to File Answer *or other Responsive Pleadings* by Blue Line Solutions, LLC. (Attachments: # 1 Text of Proposed Order Proposed Order)(Knobbe, Travis) (Entered: 09/20/2024) |
| 09/20/2024 | 30 | NOTICE of Appearance by William Hale, III on behalf of Blue Line Solutions, LLC (Hale, William) (Entered: 09/20/2024) |
| 09/23/2024 | 31 | ORDER granting 29 MOTION for Extension of Time to File Answer *or other Responsive Pleadings*, Blue Line Solutions, LLC Answer due 10/16/2024. Signed by Judge Richard W. Story on 9/23/2024. (rsg) (Entered: 09/23/2024) |
| 10/18/2024 | 32 | –––Refiled at 33 –––MOTION to Dismiss *Plaintiffs' Second Amended Class Action Complaint* with Brief In Support by Blue Line Solutions, LLC. (Knobbe, Travis) Modified on 10/18/2024 terminated motion, attorney called, did not attach brief, refiled at 33 with brief(rsg). (Entered: 10/18/2024) |
| 10/18/2024 | 33 | MOTION to Dismiss *Plaintiff's Second Amended Class Action Complaint* with Brief In Support by Blue Line Solutions, LLC. (Attachments: # 1 Brief Defendant's Memorandum of Law In Support of Motion to Dismiss)(Knobbe, Travis) (Entered: 10/18/2024) |
| 10/28/2024 | 34 | Consent MOTION for Extension of Time File Response re: 33 MOTION to Dismiss *Plaintiff's Second Amended Class Action Complaint* by Thomas Chastain, Jonathan V. Dunn. (Attachments: # 1 Text of Proposed Order Proposed Order on Consent Motion for Extension of Time to File Response)(Shipley, James) (Entered: 10/28/2024) |
| 10/28/2024 | 35 | ORDER granting 34 Plaintiffs' Consent Motion for Extension of Time to File Response to 33 Defendant's Motion to Dismiss *Plaintiff's Second Amended Class Action Complaint*. Plaintiffs shall file their response to Defendant's motion to dismiss on or before Friday, November 15, 2024. Signed by Judge Richard W. Story on 10/28/2024. (ddm) (Entered: 10/28/2024) |
| 10/31/2024 | 36 | |

| | | |
|---|---|---|
| | | MOTION to Withdraw Travis A. Knobbe as Attorneyby Blue Line Solutions, LLC. (Attachments: # 1 Text of Proposed Order Proposed Order)(Knobbe, Travis) (Entered: 10/31/2024) |
| 11/04/2024 | 37 | NOTICE of Appearance by Scott Eric Anderson on behalf of Blue Line Solutions, LLC (Anderson, Scott) (Entered: 11/04/2024) |
| 11/06/2024 | 38 | ORDER granting 36 Motion to Withdraw as Attorney filed by Travis A. Knobbe. Signed by Judge Richard W. Story on 11/06/2024. (ddm) (Entered: 11/06/2024) |
| 11/14/2024 | 39 | Third AMENDED COMPLAINT against Blue Line Solutions, LLCwith Jury Demand filed by Jonathan V. Dunn, Thomas Chastain. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J)(Manly, John) Please visit our website at http://www.gand.uscourts.gov/commonly–used–forms to obtain Pretrial Instructions and Pretrial Associated Forms which includes the Consent To Proceed Before U.S. Magistrate form. (Entered: 11/14/2024) |
| 11/14/2024 | 40 | RESPONSE in Opposition re 33 MOTION to Dismiss *Plaintiff's Second Amended Class Action Complaint*, 32 MOTION to Dismiss *Plaintiffs' Second Amended Class Action Complaint* filed by Thomas Chastain, Jonathan V. Dunn. (Manly, John) (Entered: 11/14/2024) |
| 11/14/2024 | 41 | Joint MOTION for Extension of Time Respond re: 39 Amended Complaint,, *Third Amended Complaint* by Thomas Chastain, Jonathan V. Dunn. (Attachments: # 1 Text of Proposed Order Proposed Order)(Manly, John) (Entered: 11/14/2024) |
| 11/15/2024 | 42 | ORDER granting the Parties' Joint Motion to Extend the Responsive Pleading Deadline to Plaintiffs' Third Amended Complaint and for a Briefing Schedule 41 . Signed by Judge Richard W. Story on 11/15/2024. (ddm) (Entered: 11/15/2024) |
| 11/18/2024 | 43 | ORDER denying as moot 33 Defendant's Motion to Dismiss [Dkt. 33] Plaintiffs' Second Amended Complaint [Dkt. 32]. Signed by Judge Richard W. Story on 11/18/2024. (ddm) (Entered: 11/18/2024) |
| 01/02/2025 | 44 | NOTICE of Appearance by Cameron N. Regnery on behalf of Blue Line Solutions, LLC (Regnery, Cameron) (Entered: 01/02/2025) |
| 01/03/2025 | 45 | NOTICE by Blue Line Solutions, LLC *of Withdrawal by Lucas B. Zavoli as Counsel for Defendant* (Zavoli, Lucas) (Entered: 01/03/2025) |
| 01/03/2025 | 46 | MOTION to Dismiss *Plaintiffs' Third Amended Class Action Complaint* with Brief In Support by Blue Line Solutions, LLC. (Regnery, Cameron) (Entered: 01/03/2025) |
| 01/08/2025 | 47 | NOTICE by Blue Line Solutions, LLC *Withdrawal of Counsel* (Hale, William) (Entered: 01/08/2025) |
| 01/10/2025 | 48 | Application for Leave of Absence for the following date(s): 2/20/25, 2/21/25, 3/7/25, 3/17/25 – 3/21/25, 4/24/25, 4/25/25, 5/29/25, 5/30/25, 6/2/25 – 6/6/25, 6/13/25 – 6/27/25, 9/11/25, 9/12/25, 10/30/25, 10/31/25, 11/24/25 – 11/28/25, 12/22/25 – 12/31/25, by John Bell Manly. (Attachments: # 1 Text of Proposed Order Proposed Order)(Manly, John) Modified on 1/13/2025 to remove duplicative dates (sk). (Entered: 01/10/2025) |
| 01/13/2025 | 49 | ORDER approving 48 Leave of Absence of John B. Manly. Signed by Judge Richard W. Story on 01/13/2025. (sk) (Entered: 01/13/2025) |

| 01/22/2025 | | Submission of 46 MOTION to Dismiss *Plaintiffs' Third Amended Class Action Complaint*, to District Judge Richard W. Story. (sk) (Entered: 01/22/2025) |
|---|---|---|
| 01/23/2025 | | Notification of Docket Correction re Submission to District Judge of 46 Motion. Submission terminated and deadlines adjusted in accordance with 42 Order dated 11/15/2024. (sk) (Entered: 01/23/2025) |
| 01/29/2025 | 50 | RESPONSE in Opposition re 46 MOTION to Dismiss *Plaintiffs' Third Amended Class Action Complaint* filed by Thomas Chastain, Jonathan V. Dunn. (Brigham, Leroy) (Entered: 01/29/2025) |
| 02/14/2025 | 51 | REPLY BRIEF re 46 MOTION to Dismiss *Plaintiffs' Third Amended Class Action Complaint* filed by Blue Line Solutions, LLC. (Regnery, Cameron) (Entered: 02/14/2025) |
| 02/14/2025 | | Submission of 46 MOTION to Dismiss *Plaintiffs' Third Amended Class Action Complaint*, to District Judge Richard W. Story. (sk) (Entered: 02/14/2025) |
| 02/18/2025 | 52 | REPLY BRIEF re 46 MOTION to Dismiss *Plaintiffs' Third Amended Class Action Complaint (AMENDED AND RESTATED)* filed by Blue Line Solutions, LLC. (Regnery, Cameron) (Entered: 02/18/2025) |
| 02/24/2025 | 53 | MOTION for Leave to Add Additional *Class Representatives* and File Fourth Amended Complaint filed by Thomas Chastain, Jonathan V. Dunn. (Attachments: # 1 Exhibit Declaration of Brian Jordan, # 2 Exhibit Declaration of Alex Chilton, # 3 Text of Proposed Order)(Bell, John) Modified on 2/25/2025 to edit docket text (ddm). (Entered: 02/24/2025) |
| 03/10/2025 | 54 | RESPONSE in Opposition re 53 MOTION for Leave to Add Additional *Class Representatives* and File Fourth Amended Complaint filed by Blue Line Solutions, LLC. (Anderson, Scott) (Entered: 03/10/2025) |
| 03/18/2025 | 55 | REPLY to Response to Motion re 53 MOTION for Leave to Add Additional *Class Representatives* and File Fourth Amended Complaint filed by Thomas Chastain, Jonathan V. Dunn. (Bell, John) (Entered: 03/18/2025) |
| 03/25/2025 | | Submission of 53 MOTION for Leave to Add Additional *Class Representatives* and File Fourth Amended Complaint, to District Judge Richard W. Story. (sk) (Entered: 03/25/2025) |
| 05/29/2025 | 56 | NOTICE by Thomas Chastain, Jonathan V. Dunn *of Supplemental Authority* (Bell, John) (Entered: 05/29/2025) |
| 07/10/2025 | 57 | ORDER GRANTING Defendant's Motion to Dismiss [Dkt. 46] Plaintiffs' Third Amended Class Action Complaint [Dkt. 39]. Specifically, Defendant's Rule 12(b)(1) Motion is granted as to Count I based upon lack of Article III standing, and Defendant's Rule 12(b)(6) Motion is granted as to Count II. Plaintiffs' Third Amended Class Action Complaint is DISMISSED in its entirety. It is further ORDERED that Plaintiffs' Motion for Leave to Add Additional Class Representatives and File a Fourth Amended Complaint [Dkt. 53] is DENIED as moot. Signed by Judge Richard W. Story on 07/10/2025. (ddm) (Entered: 07/10/2025) |
| 07/10/2025 | 58 | CLERK'S JUDGMENT entered dismissing action. (ddm)−−Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist−− (Entered: 07/10/2025) |

| 07/10/2025 | | Civil Case Terminated. (ddm) (Entered: 07/10/2025) |
|---|---|---|
| 07/14/2025 | 59 | CLERK'S AMENDED JUDGMENT entered dismissing action. (amended to correct Defendant's name) (ddm)––Please refer to http://www.ca11.uscourts.gov to obtain an appeals jurisdiction checklist–– (Entered: 07/14/2025) |
| 08/04/2025 | 60 | NOTICE OF APPEAL as to 58 Clerk's Judgment, 59 Clerk's Judgment, 57 Order on Motion to Dismiss,,, Order on Motion to Add Party,, by Emma Chastain, Thomas Chastain, Jonathan V. Dunn. Case Appealed to USCA – 11th Circuit. Filing fee $ 605, receipt number AGANDC–14503058. Transcript Order Form due on 8/18/2025 (Bell, John) (Entered: 08/04/2025) |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

|  |  |
|---|---|
| THOMAS CHASTAIN, and JONATHAN V. DUNN, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>        v.<br><br>BLUE LINE SOLUTIONS, LLC,<br><br>        Defendant. | Civil Action No.<br><br>2:23-cv-160-RWS |

# **ORDER**

This case comes before the Court on Defendant Blue Line Solutions, LLC's Motion to Dismiss Plaintiffs' Third Amended Class Action Complaint. [Dkts. 46, 50, 52]. In addition to opposing dismissal, Plaintiffs have filed a Motion for Leave to Add Additional Class Representatives and File a Fourth Amended Complaint. [Dkts. 53-55].[1] Having reviewed the record, the Court enters the following Order.

---

[1] The term "Plaintiffs" in this Order represents the named class representative, Jonathan V. Duncan, and the putative class as proposed at Paragraph 84 of the Third Amended Class Action Complaint. Thomas Chastain, the other named class representative, passed away in December 2024.

## BACKGROUND[2]

This litigation stems from Plaintiffs' challenge to O.C.G.A. § 40-14-18, which authorizes the use of automated traffic enforcement safety devices in school zones (the "School Zone Electronic Enforcement Statute"). Section 40-14-18 permits municipalities to partner or contract with companies like Blue Line to install and operate the traffic cameras that capture the license plates of vehicles exceeding the speed limit by more than 10 miles per hour when school is in session. Subsection (a)(1) specifically authorizes the enforcement of speed limits in school zones "by using photographically recorded images for violations which occurred only on a school day" from one hour before classes begin to one hour after classes end, "when such violations are in excess of ten miles per hour over the speed limit." O.C.G.A. § 40-14-18(a)(1).[3]

---

[2] The facts recited herein are taken from the Third Amended Class Action Complaint ("Third Am. CAC") [Dkt. 39], as well as attached exhibits and court records. See FED. R. EVID. 201(b); and see United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.") (citation omitted).

[3] Although unsuccessful, § 40-14-18 was the subject of proposed legislation in 2025 that the Court thought may narrow or render certain issues raised in Blue Line's Motion to Dismiss moot. See H.B. 225, 158th Gen. Assemb., Reg. Sess. (Ga. 2025).

Blue Line's partnerships with Tallulah Falls and Chatham County are at issue here. Blue Line entered into "Automated Speed Enforcement System Agreements" ("ASE Agreements") with both municipalities. Pursuant to the ASE Agreements, Blue Line processes and collects payment for violations of the statute.[4]

## PROCEDURAL HISTORY

On August 17, 2023, Plaintiffs commenced litigation on behalf of a class of similarly situated individuals.  Plaintiffs subsequently amended their complaint as a matter of course on September 12, 2023.  [Dkt. 7].

### First Amended Class Action Complaint

In the First Amended CAC, Plaintiffs asserted claims against Blue Line alleging: Count I -- Money Had and Received; Count II -- Violation of the Georgia Racketeer Influenced and Corrupt Organizations Act ("RICO"), O.C.G.A. § 16-14-1, *et seq.*; Count III – Fraud and Deceit; and Count IV – Declaratory and Injunctive Relief, 28 U.S.C. § 2201, *et seq.*  Plaintiffs demanded refund of all unauthorized and excessive fees levied and collected by Blue Line, plus damages, including

---

[4] Copies of the relevant ASE Agreements are attached as Exhibits H and I to the Third Amended CAC.  [See Dkt. 39-8, Exhibit H (Tallulah Falls) and Dkt. 39-9, Exhibit I (Chatham County)].

3

actual, consequential, and nominal damages, trebled. Plaintiffs also sought to recover pre-judgment interest and expenses of litigation, including reasonable attorney fees. [CAC, at 26-27].

On October 10, 2023, Blue Line moved to dismiss the Amended Class Action Complaint pursuant to Rules 12(b)(1) and 12(b)(6) asserting that Plaintiffs lacked Article III Standing and that the CAC failed to state a claim upon which relief can be granted. [Dkt. 11].

### Dismissal of First Amended CAC

On April 16, 2024, the Court issued an Order granting Blue Line's Motion to Dismiss Plaintiffs' First Amended CAC. [Dkt. 17 – April 16, 2024 Dismissal Order]. The Court found that Plaintiffs met their burden to demonstrate Article III standing on at least one claim.[5]  However, the Court held that Plaintiffs' causes of action did not survive Rule 12(6)(6) scrutiny.  Plaintiffs' First Amended CAC was dismissed without prejudice, and the case was closed.

---

[5] The Court's analysis focused on the financial injury and potential for imposition of a lien on a vehicle registered in the State of Georgia and subject to a Citation.

4

**Reconsideration & Leave to Amend CAC**

On May 14, 2024, Plaintiffs filed a Motion for Reconsideration [Dkt. 19] asking that the Court vacate its Order of Dismissal pursuant to FED. R. CIV. P. 59(e) and grant Plaintiffs leave to file an amended complaint.

On September 6, 2024, the Court granted Plaintiffs' Motion and reopened the case to allow the filing of Plaintiffs' Proposed Second Amended Class Action Complaint. [Dkt. 27]. Plaintiffs' Second Amended Class Action Complaint ("Second Am. CAC") was filed September 11, 2024. [Dkt. 28].

Following a joint motion for an extension of time, Blue Line filed another Motion to Dismiss [Dkt. 33]. After an additional extension of time consented to by the parties, and with Blue Line's consent, Plaintiffs filed their Third Amended Class Action Complaint ("Third Amended CAC") [Dkt. 39] on November 14, 2024.

On November 19, 2024, Blue Line's Motion to Dismiss the Second Amended CAC [Dkt. 33] was denied as moot.  [Dkt. 43].

**Third Amended Class Action Complaint**

Plaintiffs' Third Amended CAC, the operative pleading, asserts two causes of action. Count I, a new claim, asserts that § 40-14-18 is unconstitutional. Plaintiffs assert a facial and as applied challenge and seek a declaratory judgment

that § 40-14-18 is unconstitutional under both federal and state law. [Third Am. CAC, ¶¶ 104, 116, 2]. Count II reasserts Plaintiffs' Money Had and Received claim.

Regarding relief, Plaintiffs seek certification of the proposed class and a declaration from the Court that § 40-14-18 is unconstitutional. [Id., ¶¶ 116, 2 and 3]. Plaintiffs seek to recover all monies collected from them by Blue Line, together with interest. [Id., ¶ 116, 4]. Plaintiffs also assert that they are entitled to expenses of litigation, including reasonable attorneys' fees based upon Blue Line's alleged bad faith [Id., ¶¶ 115, 116, 6].  See O.C.G.A. § 13-6-11. Lastly, Plaintiffs seek exemplary damages in an amount sufficient to punish and deter Blue Line. [Id., ¶ 116, 5].

On January 3, 2025, Blue Line moved to dismiss the Third Amended CAC. Blue Line argues that Plaintiffs lack standing to pursue the constitutional challenge alleged in Count I. Blue Line also moved for dismissal of both Counts I and II under Rule 12(b)(6).

Once briefing was complete on Blue Line's Motion to Dismiss Plaintiffs' Third Amended CAC, on February 24, 2025, Plaintiffs filed a Motion to Add Additional Class Representatives and to file a Fourth Amended CAC [Dkt. 53].

Blue line opposes [Dkt. 54] Plaintiffs' request to add class representatives and file a Fourth Amended CAC.[6]

All motions are now fully briefed and ripe for disposition.

## Related State Court Litigation

There is a related state court case pending in the Superior Court of Chatham County, Georgia.  [Dkt. 24 – Plaintiffs' Notice of Related Litigation].  Greene v. Chatham County, Georgia, Civil Action Number SPCV24-863-WA ("Greene"). According to Plaintiffs' Notice, Plaintiffs cannot join Chatham County in the instant suit.  See Art. I, Sec. II, ¶ 5(b)(2) of the Georgia Constitution (waiving sovereign immunity for certain actions seeking declaratory relief for alleged constitutional violations by state entities); and see, e.g., State v. SASS Grp., LLC, 315 Ga. 893, 904 (2023) (citations omitted) (actions filed pursuant to Article I, Section II, Paragraph V of the Georgia Constitution "must be filed exclusively against the state and in the name of the State of Georgia"). Plaintiff Greene in the Chatham County action also asserts a direct constitutional challenge to O.C.G.A. §

---

[6] Given the Court's Article III standing analysis, viewed as of the filing of the Third Amended CAC, the Court finds that adding proposed class representatives would not affect or salvage Count I. Thus, the Court need not reach Plaintiffs' Motion to Add Additional Class Representatives and File a Fourth Amended Class Action Complaint. [Dkt. 53].

40-40-18.[7]  Chatham County filed a Motion for Judgment on the Pleadings. [Greene, Docket Entry dated March 25, 2025]. On May 21, 2025, The Honorable Timothy R. Wamsley, Chatham County Superior Court Judge, presided over a hearing to discuss pending motions. [Greene, 6-18-25 – Notice of Filing of Hearing Transcript]. As of the date of this Order, the Chatham County Superior Court docket does not reflect any dispositive ruling.

Blue Line identifies four other parallel actions currently pending across the State of Georgia and asserting similar claims, or some combination of claims, against a private vendor (e.g., RedSpeed USA Corp., RedSpeed Georgia, LLC) for declaratory judgment that §§ 40-14-2 and 40-14-18 are unconstitutional, unjust enrichment, and conversion.  [Reply, at 2 n.2 (listing cases)].

### DISCUSSION

Blue Line moves to dismiss Count I for lack of subject matter jurisdiction, namely, lack of Article III standing pursuant to FED R. CIV. P. 12(b)(1). Blue Line also moves to dismiss both Counts I and II for failure to state a claim upon which relief can be granted pursuant to FED R. CIV. P. 12(b)(6).

---

[7] The Greene Plaintiff is represented by the same attorneys as in this case: James Everett Shipley, Jr., John Bell Manly, and John C. Bell, Jr.

## I.      Legal Standards

### A.      Lack of Subject-Matter Jurisdiction, FED R. CIV. P. 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint

for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). "Federal courts are

courts of limited jurisdiction. They possess only that power authorized by

Constitution and statute." Kokkonen v. Guardian Life Ins. Co. of Am., 114 S. Ct.

1673, 1675 (1994). Therefore, "[a] federal court not only has the power but also

the obligation at any time to inquire into jurisdiction whenever the possibility that

jurisdiction does not exist arises." Fitzgerald v. Seaboard Sys. R.R., Inc., 760 F.2d

1249, 1251 (11th Cir. 1985).

A motion to dismiss for lack of subject matter jurisdiction pursuant to Rule

12(b)(1) may attack jurisdiction facially or factually. Morrison v. Amway Corp.,

323 F.3d 920, 924 n.5 (11th Cir. 2003) (quoting accord Lawrence v. Dunbar, 919

F.2d 1525, 1528–29 (11th Cir. 1990)). The nature of the challenge dictates what

the Court may consider beyond Plaintiffs' well-pleaded complaint.

"When defending against a facial attack, the plaintiff has safeguards similar

to those retained when a Rule 12(b)(6) motion to dismiss for failure to state a claim

is raised, and the court must consider the allegations in the plaintiff's complaint as

true." Stalley ex rel. U.S. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1233

9

(11th Cir. 2008) (citation and internal quotation marks omitted) (facial attack permits court to consider pleading and attached exhibits). "By contrast, a factual attack on a complaint challenges the existence of subject matter jurisdiction using material extrinsic from the pleadings, such as affidavits or testimony." Id. (citation omitted).

The parties agree that Blue Line "asserts a facial attack on subject-matter jurisdiction under Rule 12(b)(1)[.]" [Reply, at 6; Response, at 9]. As such, the Court cannot consider materials outside of the pleadings in determining whether subject matter jurisdiction exists. See Stalley, 524 F.3d at 1232-33; Lawrence, 919 F.2d at 1529.

**B.      Failure to State a Claim Upon which Relief May Be Granted, FED R. CIV. P. 12(b)(6)**

Rule 8 requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  While this standard does not require "detailed factual allegations," neither will mere "labels and conclusions" suffice. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007). Instead, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); John Mills, LLC v. Finley, 2020 WL 6073872, at *1 (N.D. Ga. Apr. 14, 2020) (citation omitted). A claim to relief is "plausible on its face" when the facts

10

support a "reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949; Gates v. Khokhar, 884 F.3d 1290, 1296 (11th Cir. 2018).

When a party challenges a complaint under Rule 12(b)(6), the Court must "accept the facts alleged in the complaint as true, drawing all reasonable inferences in the plaintiff's favor." Gates, 884 F.3d at 1296. However, the Court ignores legal conclusions or factual contentions masquerading as legal conclusions. Iqbal, 129 S. Ct. at 1949. Indeed, the Court's "first task is to eliminate any allegations in [the Amended Class Action Complaint] . . . that are merely legal conclusions." Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1293 (11th Cir. 2010) (citing Iqbal, 129 S. Ct. at 1951). If the complainants state facts that plausibly support relief, the claim survives the motion and proceeds.

## II.    Blue Line's Motion to Dismiss Third Amended Class Action Complaint [Dkt. 46]

### A. Count I: Constitutional Challenge to § 40-14-18

In support of its Rule 12(b)(1) argument that Plaintiffs lack standing, Blue Line first argues that redressability is absent since the relief Plaintiffs seek in Count I, namely, to invalidate a Georgia statute on constitutional grounds, cannot be carried out or achieved by suing a private entity.

11

To provide context, a summary of the nature of Plaintiffs' constitutional claim follows.

### 1.  Plaintiffs' Allegations

Count I of the Third Amended CAC alleges violation of the Fourteenth Amendment to the U.S. Constitution [Third Am. CAC, ¶¶ 1, 39, 41, 62, 78, 80, 101-102] as well as "due process guarantees" of the Georgia Constitution, GA. CONST. art. I, § I, ¶ I [Id.]. Count I also alleges violation of the Equal Protection Clause of the Georgia Constitution and the U.S. Constitution. [Id. ¶ 103].

### a. Facial Challenge

Plaintiffs' facial challenge to the statute stems from the notion that § 40-14-18 operates as a criminal punishment as opposed to enforcement of a civil monetary penalty.  [Id., ¶¶ 99, 101].  Plaintiffs generally complain that the burden to prove innocence is impermissibly placed on the registered owner of the vehicle captured by the cameras without providing constitutionally sufficient processes to challenge the Citation and penalties. [Id., ¶ 99].

Plaintiffs also identify Georgia statutes that § 40-14-18 allegedly runs afoul of, most of which pertain to the authority and exclusive province of local law enforcement officers and agencies. Plaintiffs allege improper delegation of this

12

authority to a Tennessee for-profit corporation. See O.C.G.A. §§ 40-14-2, and 17-4-23.[8] For instance, in Paragraphs 101(a) through (e), Plaintiffs allege:

> Georgia statutory law allows only law enforcement officers to utilize speed detection devices, including those for photographically recorded images, and to issue citations or penalties. O.C.G.A. § 40-14-2(a). Blue Line's conduct violates this law as it usurps this statutory mandate. Blue Line operates the speed detection devices, makes the determinations of violations, and creates and issues the citations. Georgia law does not allow the delegation of police powers to third parties, especially as part of an outsourced policing-for-profit scheme by a Tennessee for-profit corporation.

> Georgia statutory law provides that owners of vehicles may only be "liable for a civil monetary penalty to the governing body of the law enforcement agency." O.C.G.A. § 40-14-18(d). Blue Line's conduct renders Plaintiffs and putative class members liable directly to Blue Line.

> Georgia statutory law mandates that no speed detection device may be used where payment to the issuer is on a "fee system." O.C.G.A. § 40-14-2(b). The Blue Line system is just such an incentive-based citation system, whereby the more violations it issues the more revenue it receives. The same is true for the local government.

> Georgia statutory law allows an "agent" only to mail the "citations," and Blue Line by its own contractual documents is not the agent of any municipality. O.C.G.A. § 40-14-18(b)(2). There is no authority for it to create citations or notices of violation to Plaintiffs and class members or for it to collect payment through such notices.

> Only law enforcement officers may issue citations for violation of Georgia traffic laws. O.C.G.A. § 17-4-23(a), (c).

---

[8] Plaintiffs' allegations asserting Blue Line's violation of Georgia statutory law in the Third Amended CAC are akin to Count IV in the First Amended CAC.

[Id., ¶¶ 101(a) – (e)].[9]

In addition, Plaintiffs allege that § 40-14-18 violates both the Georgia

Constitution and the U.S. Constitution in the following ways:

> O.C.G.A. § 40-14-18 establishes severe penalties for registered
> owners of motor vehicles, imposes a presumption of guilt, places the
> burden of proof on the accused thereby effectively denying the
> accused the right against self-incrimination, limits access to a court of
> law and allows imposition of a monetary penalty without a prior
> adjudication of guilt, with the government not having the burden of
> proof beyond a reasonable doubt. It is unconstitutional under the due
> process and privilege against self-incrimination clauses of the Fifth
> Amendment of the U.S. Constitution, the due process clause of the
> Fourteenth Amendment of the U.S. Constitution and the due process,
> the right of access to the courts, the right to trial by jury and the
> privilege against self-incrimination of the Bill of Rights of Article I,
> Section I, ¶¶ I, XI, XII and XVI of the Georgia Constitution.

[Id., ¶ 102].

---

[9] Plaintiffs include legal conclusions which the Court does *not* consider in its
analysis. For example, the following allegations are improper legal conclusions:

> "Blue Line's conduct renders Plaintiffs and putative class members
> liable directly to Blue Line" rather than to a law enforcement agency
> contrary to § 40-14-18(d);

> "Blue Line's conduct violates [§ 40-14-2(a)] as it usurps this statutory
> mandate[;]"

> "Blue Line by its own contractual documents is not the agent of any
> municipality.  O.C.G.A. § 40-14-18(b)(2). There is no authority for it
> to create citations or notices of violation to Plaintiffs and class
> members or for it to collect payment through such notices."

### b. "As Applied" Challenge

Plaintiffs' as applied challenge to § 40-14-18 is based upon alleged violation of the Equal Protection Clauses of the Georgia Constitution and the U.S. Constitution.  In sum, Plaintiffs allege that application of § 40-14-18 does not apply the same to all individual owners of vehicles who receive citations; that only registered owners of cars registered in Georgia are "subject to losing use of their cars through refusal to renew tags and blocks on title transfers." [Id., ¶ 103]. Plaintiffs contrast the severity of this consequence with "[o]wners of cars not registered in Georgia, drivers of leased or rental cars, drivers of cars titled to someone else[,] and all who are issued speeding tickets by sworn law enforcement officers."  [Id., ¶ 103].

The Court now turns to the question of Article III standing.

### 2. Article III Standing

Article III of the Constitution confines the reach of federal jurisdiction to "cases" and "controversies."  U.S. Const. art. III, § 2. To demonstrate the "irreducible constitutional minimum" for Article III standing, a litigant must show three elements.  "First, the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical . . . .  Second, there

15

must be a causal connection between the injury and the conduct complained of . . . . Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Lujan v. Defenders of Wildlife, 112 S. Ct. 2130, 2136 (1992) (internal quotation marks and citations omitted).

Plaintiffs must "'clearly . . . allege facts demonstrating' each element." Spokeo v. Robins, 136 S. Ct. 1540, 1547 (2016) (quoting Warth v. Seldin, 95 S. Ct. 2197, 2215 (1975)); and see Hancock v. Urban Outfitters, Inc., 830 F.3d 511, 513 (D.C. Cir. 2016) (quoting Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949–50 (2009)).

Article III standing is determined based on the facts as they exist when the complaint is filed. See, e.g., Focus on the Family v. Pinellas Suncoast Transit Auth., 344 F.3d 1263, 1275 (11th Cir. 2003).

### 1. The Court's previous findings as to standing are not determinative

The Court's findings and conclusions within the April 2024 Dismissal Order are not determinative of Blue Line's argument that Plaintiffs lack standing to pursue Count I of the Third Amended CAC.

Previously, the Court addressed Blue Line's facial challenge to Plaintiffs' standing but did not do so in connection with the existing declaratory judgment claim in Count I alleging unconstitutionality under both state and federal law. Rather, the Court's standing analysis was within the context of the then-primary

16

cause of action, i.e., Money Had and Received.[10] The Court did not undertake an

analysis of standing as to each individual cause of action. [4-16-24 Dismissal

Order at 22 ("the Court finds that Article III standing, in fact, is sufficiently alleged

to prosecute at least one of the causes of action within the CAC")]. While the

Court did consider the alleged financial injury, plus the threat of a referral to the

Georgia Department of Revenue for nonpayment of a Citation likely sufficient to

---

[10] Analyzing Plaintiffs' First Amended CAC, the Court explained:

> Viewing the factual allegations in Plaintiffs' favor, the Chastain
> Plaintiffs identify at least one particular and concrete financial injury
> – fees extracted by Blue Line (without express permission to do so)
> from monies paid by the Chastains intended to satisfy the $75 fine.
> [CAC, ¶ 42]. Plaintiffs further argue that Blue Line's referral of the
> Chastain Citation to the Georgia Department of Revenue constitutes
> an injury since a lien was imposed on Thomas Chastain's vehicle and
> that Plaintiffs were responsible for payment of fees associated with
> removing the lien and obtaining a new registration tag. [Dkt. 14 – Pls.
> Resp. in Opp'n at 15, ¶ 34; CAC, ¶ 41].
>
> Regarding Plaintiff Dunn, he also alleges that his payment was not
> voluntary but rather prompted by the threat of a potential lien being
> imposed on his vehicle. [CAC, ¶ 16]. Dunn also alleges that he was
> charged an additional $3.90 electronic processing fee in the absence
> of express statutory authority. [CAC, ¶ 44].

[4-16-24 Dismissal Order at 17].

supply standing, the Court was addressing non-declaratory relief.[11] [4-16-24 Dismissal Order at 17].

As before, Plaintiffs allege that an individual who does not either pay or successfully contest the citation is potentially subject to future problems such as an inability to renew registration on the vehicle, plus imposition of a lien placed on the vehicle. [Third Am. CAC, ¶ 100]. Ultimately, either of these potential consequences *could* deprive the registered owner of the vehicle of use of the car. [Id.].

Even so, Blue Line posits that the *threat* of a referral to the Georgia Department of Revenue and/or the *threat* of having a lien imposed in the future is (1) not redressable against Blue Line and (2) not a sufficiently "real, immediate, and definite" injury.

---

[11] Plaintiffs further allege at Paragraph 100 of their Third Amended CAC that failure of a class member to pay or successfully contest a citation could result in an inability to transfer title or sell one's car. [Third Am. CAC, ¶ 100]. Section 40-14-18 was amended, effective July 1, 2023, such that citation recipients who do not pay the required fines are no longer prohibited from transferring title of their vehicle. See H.B. 183, 157th Gen. Assemb., Reg. Sess. (Ga. 2023).

18

### 2. Plaintiffs' constitutional claims are not redressable by obtaining a declaratory judgment against Blue Line

Plaintiffs lack standing to pursue their federal and state constitutional challenge to § 40-14-18 seeking declaratory relief against Blue Line. As Blue Line correctly argues, Plaintiffs have sued the wrong entity.[12]

In assessing redressability, the Court considers whether a decision in plaintiff's favor would "significant[ly] increase ... the likelihood" that plaintiff "would obtain relief that directly redresses the injury" plaintiff claims to have suffered. Lewis v. Governor of Alabama, 944 F.3d 1287, 1301 (11th Cir. 2019) (citation omitted) (declining to find redressability where injunctive relief was sought against state attorney general but disputed law did not confer power on the attorney general to enforce the law); and see Lujan, 112 S. Ct. at 2140 (dismissing for lack of standing after concluding redressability was absent; explaining that agencies funding the targeted projects were not parties to the case and that a successful outcome in the litigation would not remedy the alleged injury). Significantly, "it must be *the effect of the court's judgment on the defendant*"—not

---

[12] Curiously, in opposing the Motion to Dismiss, Plaintiffs rely primarily on cases bringing constitutional challenges to statutes or ordinances against governmental entities (or applying state law other than Georgia state law against both a private actor and a governmental entity). See, e.g., Coleman v. Town of Brookside, Alabama, 663 F. Supp. 3d 1261 (N.D. Ala. 2023) (applying Alabama law).

19

an absent third party—"that redresses the plaintiff's injury, whether directly or indirectly." Id. (citations and internal quotation marks omitted).

In Lewis, the Eleventh Circuit considered whether plaintiffs' requested relief *against the Attorney General* would significantly increase the likelihood that *their employers* would pay them the desired hourly rate required by the subject ordinance and answered in the negative.  Id. at 1301. The court noted that the Alabama Attorney General had no enforcement power and that plaintiffs' "immediate gripe is with their employers, who aren't paying the ordinance-prescribed wages." Id. at 1301-1302. The court emphasized that plaintiffs had failed to sue their employers despite the availability of a private right of action and then commented, "'(to state the obvious[,])' the relief that plaintiffs request in this action wouldn't constrain those employers, who are 'not parties to the suit' and who wouldn't be 'obliged'—at least in any binding sense— 'to honor an incidental legal determination the suit produced.'" Id. at 1302 (quoting Lujan, 112 S. Ct. at 2140; and then citing Arizonans for Official English v. Arizona, 117 S. Ct. 1055, 1068 (1997) (stating that nonparties are not bound by a court's judgment)). Lastly, the Eleventh Circuit explained, that "a federal-court judgment declaring [the ordinance] invalid" would not be binding on the Alabama courts. Id. (citation omitted).

20

Plaintiffs here face the same obstacle because they have not named a party with the authority to amend or repeal § 40-14-18.  Under any of Plaintiffs' constitutional theories, Plaintiffs cannot achieve the relief they seek by obtaining a declaratory judgment against a private party such as Blue Line.

Although the discussion overlaps with the Rule 12(b)(6) analysis the undersigned does not reach in this instance, consideration of Plaintiffs' due process and equal protection claims, brought under the Fourteenth Amendment, illustrate this point.

Simply stated, "[t]he Fourteenth Amendment's protection of an individual's due process rights applies to state action, not private conduct." Hopkins v. DeVeaux, 781 F. Supp. 2d 1283, 1294 (N.D. Ga. 2011) (citing generally Civil Rights Cases, 3 S. Ct. 18 (1883); 42 U.S.C. § 1983 (requiring that alleged violations be under color of law)); see also Newton v. Duke Energy Fla., LLC, 2016 WL 10564996, at *2 (S.D. Fla. Sept. 21, 2016) (citing Am. Mfrs. Mut. Ins. Co. v. Sullivan, 119 S. Ct. 977, 985 (1999)) ("Plaintiffs cannot challenge the constitutionality of a state statute by bringing suit against a private actor; such a law suit can only be brought against state actors."); and see Abner v. Mobile

21

Infirmary Hosp., 149 F. App'x 857, 859 (11th Cir. 2005) ("[T]he Constitution only

protects against injuries caused by state actors.").[13]

For this reason, should Plaintiffs prevail on the merits and obtain a

determination that § 40-14-18 is unconstitutional *on any of their asserted theories*,

such declaration would have no *direct* impact on Blue Line. Blue Line cannot

---

[13] Plaintiffs argue that the facts of this case present an exception. See generally Hopkins, 781 F. Supp. 2d at 1294; and see One Georgia, Inc. v. Carr, 601 F. Supp. 3d 1291, 1308 (N.D. Ga. 2022) (citation omitted) (private party may be considered a state actor for purposes of § 1983 action in "rare circumstances"). Plaintiffs cite Coleman, 663 F. Supp. 3d at 1283 (private tow truck company acted jointly with government and could be treated as state actor at 12(b)6 stage of case). [Response, at 19]. Coleman relied upon authorities outside of the Eleventh Circuit, yet, did observe generally that a private entity may be a state actor "when it helps a government entity to collect a fee." Id. (citations omitted).

Even if the Court were to reach the question, the Court would find that Plaintiffs' Plaintiffs' Third Amended CAC *does not allege* that Blue Line is or should be considered a "state actor" for purposes of the Fourteenth Amendment. Rather, in their Response, Plaintiffs *argue* that one or more of the exceptions to the state action doctrine apply here. [Response, at 13-14]. Plaintiffs *argue* that Blue Line may be treated as a state actor "under the facts of this case" given its relationship with the local governmental agencies it contracts with. [Response, at 14]. Nonetheless, Plaintiffs' "state actor" theory is not pled within the Third Amended CAC. Plaintiffs cannot salvage Count I by making a legal argument unsupported by the facts asserted in their well-pleaded complaint. Stalley, 524 F.3d at 1232-33 (citations omitted).

Moreover, this Court is not granting Plaintiffs leave to amend Count I for the reasons already set forth. On the facts alleged, the Court is of the view that amending Count I would be futile.

repeal or amend state law. The redress Plaintiffs seek will only directly impact the

State of Georgia and the local governmental entities who contracted with Blue

Line.[14] Newton, 2016 WL 10564996, at *4 (citation omitted) ("Declaratory relief

presupposes the availability of a judicially remediable right."). Therefore, lack of

redressability for Plaintiffs' constitutional claim requires dismissal of Count I.[15]

### 3.  Plaintiffs fail to sufficiently plead *future* injury, a requirement for declaratory relief

Notwithstanding the Court's earlier analysis, Blue Line contends that the

*past* financial injury Plaintiffs allege, and that the Court relied on in the April 16,

2024 Order [4-16-24 Dismissal Order at 19, § III(B)(1)] as "particular and

concrete," is insufficient to support Count I, "which seeks solely *declaratory relief*

by way of a determination that O.C.G.A. § 40-14-18 is unconstitutional." [MTD at

---

[14] Plaintiffs contend in briefing that Blue Line is "operating illegal speed traps" and ***acting through*** "often unqualified but well-meaning public officials in small towns and cities throughout Georgia ***who have signed contracts with Blue Line***. . . ." [Response, at 5 (emphasis added)]. This Court previously explained its reluctance and unwillingness to second guess the validity of contractual agreements entered into by governmental entities and Blue Line. [4-16-24 Dismissal Order at 53-56].

[15] For the same reasons Plaintiffs' allegations in support of Count I are not redressable against Blue Line, Plaintiffs' constitutional challenge to § 40-14-18 under the Fourteenth Amendment fails for lack of state action. Because Plaintiffs fail to allege that Blue Line is a state actor, or that the facts alleged bring Blue Line under an exception to the state actor requirement, their federal constitutional challenge under the Fourteenth Amendment does not survive Rule 12(b)(6).

23

8].  See Cambridge Christian Sch., Inc. v. Fla. High Sch. Athletic Ass'n, Inc., 115 F.4th 1266, 1281 (11th Cir. 2024) (future injury is required for declaratory relief). As discussed, *supra*, Blue Line contends that the "threat of incurring a lien" is not a sufficiently "real, immediate, and definite" injury to provide standing for a declaratory judgment action. See Mack v. USAA Cas. Ins. Co., 994 F.3d 1353, 1356-57 (11th Cir. 2021).

"To establish an injury in fact, the plaintiff must demonstrate that he suffered 'an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical.'" Sierra v. City of Hallandale Beach, 996 F.3d 1110, 1113 (11th Cir. 2021). In determining whether the harm alleged is actual or imminent, "[o]ur analysis here often depends on the type of relief the plaintiff seeks." Id. "When the plaintiff seeks damages, we consider whether an alleged *past* harm occurred." Id. "On the other hand, when the plaintiff is seeking an injunction, we determine whether he or she adequately demonstrates that a *future* injury is imminent—that there is a 'sufficient likelihood that he [or she] will be affected by the allegedly unlawful conduct in the future.'" Id. (alteration in original) (quoting Koziara v. City of Casselberry, 392 F.3d 1302, 1305 (11th Cir. 2004)).

24

Applying these principles here, the Court concludes that Plaintiffs lack standing to pursue their facial challenges for failure to establish injury in fact. Because Plaintiffs seek a declaratory judgment that O.C.G.A. § 40-14-18 is unconstitutional, Plaintiffs are seeking prospective relief—relief from a future harm. See Summit Med. Assocs., P.C. v. Pryor, 180 F.3d 1326, 1339 (11th Cir. 1999) ("Here, Appellees unquestionably seek prospective relief—a declaratory judgment that the partial-birth and post-viability abortion statutes are unconstitutional."). "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." Malowney v. Fed. Collection Deposit Grp., 193 F.3d 1342, 1346 (11th Cir. 1999); see also Russell v. United States, 845 F. App'x 818, 821 (11th Cir. 2021) ("[A] plaintiff seeking prospective injunctive or declaratory relief must also 'show a sufficient likelihood that he will be affected by the allegedly unlawful conduct in the future.' . . . In other words, a plaintiff has standing to seek prospective relief only if he can show 'a real and immediate -- as opposed to merely conjectural or hypothetical -- threat of future injury.'" (citations omitted)). Importantly, "[w]hen a plaintiff seeks a declaratory judgment that a state statute is unconstitutional, as the plaintiffs do

25

here, the requirements for standing must be strictly enforced." Cone Corp v. Fla. Dep't of Transp., 921 F.2d 1190, 1205 n.47 (11th Cir. 1991).

As argued by Blue Line, in Count I, Plaintiffs seek "forward-looking" relief. [Reply, at 13]. "To obtain forward-looking relief, the plaintiffs must establish a substantial risk of future injury that is traceable to the [defendant] and likely to be redressed by an injunction against [it]. To carry that burden, the plaintiffs must proffer evidence that the defendants' allegedly wrongful behavior w[ould] *likely* occur or continue." Murthy v. Missouri, 144 S. Ct. 1972, 1993 (2024) (quoting Friends of the Earth, Inc. v. Laidlaw Envtl. Services (TOC), Inc., 120 S. Ct. 693, 709 (2000) (internal quotation marks omitted)).

Here, Count I in Plaintiffs' Third Amended CAC does not include any factual allegations from which this Court could reasonably infer that Plaintiffs face an immediate threat of future injury from § 40-14-18.

The Court finds Worthy v. City of Phenix City, Alabama, 930 F.3d 1206 (11th Cir. 2019), most instructive on this issue.  In Worthy, the Eleventh Circuit addressed similar constitutional challenges to an Alabama city ordinance brought by motorists who received citations for running red lights at intersections monitored by cameras. Finding that the alleged future injury was too attenuated, the Eleventh Circuit held that the plaintiffs did not have standing to sue the city

because the "future injury [was] not sufficiently real or immediate, particularly because the main event that [would] trigger the potential future harm is a voluntary decision by one of the [plaintiffs] to violate the law." Id. at 1216 (citation omitted). One of the concerns noted by the court was that allowing standing in such a case would result in litigants being able to "sufficiently plead a threat of future harm simply by alleging that they will violate a law." Id.

Moreover, at least one other federal district court has rejected Plaintiffs' injury in fact theory and held that plaintiffs lacked standing to bring a constitutional challenge to § 40-14-18 against a private entity engaged in the same conduct as Blue Line. See Leroy, et al., v. RedSpeed USA Corp., Civil Action No. 1:22-cv-118-LAG ("RedSpeed"), [Dkt. 26 – December 18, 2023 Order ("12-18-23 RedSpeed Order") at 7-9] (M.D. Ga.) (citations omitted) (granting in part and denying in part Rule 12 motion to dismiss, and finding that dismissal was proper for lack of standing as to plaintiff's claims seeking 1) declaratory judgment that RedSpeed's conduct violates O.C.G.A. §§ 40-14-2 and 40-14-18; and 2) declaratory judgment that O.C.G.A. § 40-14-18(d) violates the Georgia Constitution's Procedural Due Process Clause; reasoning that the alleged future injury is "not sufficiently real or immediate[,]" and not reaching arguments regarding redressability and mootness).

In <u>RedSpeed</u>, The Honorable Leslie A. Gardner, U.S. District Judge, Middle District of Georgia, applied the rationale set out in <u>Worthy</u> to conclude that plaintiffs did not have standing to assert claims seeking declaratory and injunctive relief.  [12-18-23 <u>RedSpeed</u> Order at 7-9]. Considering nearly identical causes of action, the court noted that for plaintiff or the putative class members to receive a second citation, they would have to drive through the school zones where RedSpeed's cameras operate and drive in excess of the speed limit and an officer (or RedSpeed employee as alleged by plaintiffs) would have to decide to issue a citation. [<u>Id.</u>]. Judge Gardner opined that, under Eleventh Circuit precedent, standing to assert injunctive or declaratory relief did not exist. [<u>Id.</u> at 9]. The same analysis applies here.

As in <u>Worthy</u> and <u>RedSpeed</u>, to risk receiving another Citation in the future, Plaintiffs would have to voluntarily drive to either Tallulah Falls or Chatham County where the school zone enforcement cameras are located and exceed the speed by more than 10 miles per hour while school is in session.[16]

---

[16] Courts routinely find that plaintiffs lack standing to seek a declaratory judgment that a statute or rule is unconstitutional when they fail to show that the statute or rule at issue will be applied to them in the imminent future. <u>See, e.g.</u>, <u>Malowney</u>, <u>193 F.3d at 1342</u> (concluding plaintiffs lacked standing to seek a declaratory judgment that a Florida statute is unconstitutional because the complaint "does not contain any allegations which could reasonably support a finding that the

Because Plaintiffs' Third Amended CAC lacks sufficient allegations that would enable the Court to reasonably infer a sufficient likelihood of future injury, Plaintiffs lack standing to seek a declaratory judgment that O.C.G.A. § 40-14-18 is unconstitutional.[17]

## II.    COUNT II: Money Had and Received & Unjust Enrichment

In Count II, Plaintiffs seek to recover monies they contend are wrongfully paid to Blue Line. More specifically, Plaintiffs seek a "refund of unauthorized and excessive fees levied and collected" by Blue Line pursuant to § 40-14-18 and contracts between Blue Line and local governments, including the City of Tallulah Falls and Chatham County. [Third Am. CAC at 2, ¶ 1].

Blue Line contends that this claim is a repackaged version of Count One in Plaintiffs' First Amended CAC. Blue Line adds that, if Plaintiffs fail to establish standing on Count I, it also follows that Blue Line's collection of monies under contracts executed pursuant to § 40-14-18 cannot be deemed "wrongful" as alleged

---

[plaintiffs] are likely to be subject to future injury from the application of the statute they challenge"); accord Worthy, 930 F.3d at 1215-16.

[17] Plaintiffs do not seek monetary damages under Count I.  Plaintiffs' only request for damages is in connection with Count II.  [Response, at 25 ("Legal and equitable relief, including damages and injunctive relief, may be sought in a petition seeking declaratory relief. O.C.G.A. § 9-4-3. Plaintiffs' money had and received claim does not rely solely on a favorable ruling on their claims that the statute is unconstitutional.").

in Count II. [Reply, at 3]. The Court agrees. Blue Line also asserts that Count II is in essence a deficient unjust enrichment claim.

"An action for money had and received[,] although legal in form, is founded on the equitable principle that no one ought to unjustly enrich himself at the expense of another, and is a substitute for a suit in equity. Thus, recovery is authorized against one who holds the money of another which he ought in equity and good conscience to refund." Wyatt v. Hertz Claim Mgmt. Corp., 236 Ga. App. 292, 292 (1999) (citation omitted) (cleaned up).

As noted by The Honorable Thomas W. Thrash, Jr., U.S. District Judge, Northern District of Georgia, Georgia caselaw is less than clear concerning the relationship between causes of action alleging unjust enrichment and money had and received. See Doe v. Emory Univ., 2021 WL 358391, at **7-8 (N.D. Ga. Jan. 22, 2021) (citations omitted) (noting cases treating the two claims as "one-in-the-same" but also that the Georgia Supreme Court treats money had and received and unjust enrichment as two "distinct" claims); but see Bolinger v. First Multiple Listing Serv., Inc., 838 F. Supp. 2d 1340, 1366 n.26 (N.D. Ga. 2012) (citation omitted) (describing money had and received as "merely one form of action to recover damages based on unjust enrichment" and stating they are not separate causes of actions).

30

In addition, "Georgia courts have historically allowed claims for money had and received to proceed despite the existence of an implied contract." Doe, 2021 WL 358391, at *8 (citations omitted) (denying motion to dismiss on money had and received claim while granting motion to dismiss unjust enrichment claim given facts alleging breach of implied contract); and see Goldstein v. Home Depot U.S.A., Inc., 609 F. Supp. 2d 1340, 1347 (N.D. Ga. 2009) ("money had and received is an equitable theory of recovery that applies only when there is no legal contract between the parties") (citing Baghdady v. Central Life Ins. Co., 224 Ga. App. 170, 171 (1996) (holding that claim of money had and received is an equitable theory that applies only where a contract does not exist)).

To recover on a money had and received claim, Plaintiffs must allege facts demonstrating that 1) Blue Line received monies justly belonging to Plaintiffs; and 2) Plaintiffs made a demand for repayment and the demand was refused. See Andrews, 2017 WL 413259, at *6 (citations omitted). The second element is not disputed. Plaintiffs allege that their demand for repayment was refused. [Third Am. CAC, ¶ 114].

In the Third Amended CAC, Plaintiffs allege that Blue Line has no lawful claims to the funds it has collected; and that Blue Line wrongfully retained for itself more than 35% of funds that were designated for use only "to fund local law

31

enforcement or public safety initiatives, as mandated by O.C.G.A. § 40-14-18(m)."

[Id., ¶¶ 110, 111 (internal quotation marks omitted)]. Plaintiffs further allege that

Blue Line wrongfully retained for itself excessive processing fees and charges for

use of credit cards not authorized by law. [Id., ¶ 112]. Based upon these factual

allegations, Plaintiffs contend that Blue Line has been unjustly enriched at their

expense. [Id., ¶ 113].

Contrary to Blue Line's argument, however, Plaintiffs deny that Count II

alleges a separate unjust enrichment claim dependent on a failed contract.[18]

Indeed, Plaintiffs concede there is no express or implied contract between the

putative class and Blue Line. [Response, at 23 ("Plaintiffs have not pled the

existence of a contract because there is no contract between the Plaintiffs and Blue

---

[18] Unjust enrichment is not an available theory because Plaintiffs are not in privity with Blue Line and cannot assert any underlying contractual claim. See Collins v. Athens Orthopedic Clinic, 356 Ga. App. 776, 778 (2020); accord Gwinnett Cnty. v. Netflix, Inc., 367 Ga. App. 138, 149–50 (2023) (citing Collins), cert. denied (Sept. 19, 2023).

In RedSpeed, after granting leave to amend, Judge Gardner analyzed Plaintiffs' claim for unjust enrichment and money had and received, alleged as one cause of action (Count III, Second Amended Complaint), and granted dismissal under FED. R. CIV. P. 12(b)(6). [9-30-24 RedSpeed Order at 5-7]. In discussing unjust enrichment, the court found the claim legally deficient because plaintiffs "did not plead unjust enrichment as an alternate theory of recovery based on a failed contract" and chose instead to plead it as a separate tort seeking damages and/or restitution. [Id. (citing Collins, 356 Ga. App. at 778–79 (citations omitted))].

Line. Money had and received applies when there is no legal contract between the parties.")]. And Plaintiffs expressly state that Count II only asserts a claim for money had and received.

Turning to the merits of Blue Line's Rule 12(b)(6) Motion, and viewing all facts alleged as true and construing all reasonable inferences in Plaintiffs' favor, the Court still concludes that Count II does not survive Rule 12(b)(6).

First, Count II is derivative of Plaintiffs' constitutional challenge, which Plaintiffs lack standing to pursue. See Newton, 2016 WL 10564996, at *3 (citation omitted) (dismissing unjust enrichment claim derivative of constitutional claim where defendant was not a state actor). In support of Count II, Plaintiffs reassert their contention that Blue Line's operation of the school zone enforcement cameras resulted in compensation to Blue Line via a "forbidden *de facto* fee system" and that § 40-14-18, "as written and as applied by Blue Line, promotes unlawful conduct and corruption." [Third Am. CAC, ¶¶ 3, 110]. Plaintiffs point to enforcement procedures and allege violation of an array of other Georgia statutes. [Id., ¶¶ 101(a) – (e)]. Because the gravamen of Count II is that Blue Line's role in the enforcement of § 40-14-18 (and the statute itself) is unconstitutional, Count II fails.

33

Stated another way, Plaintiffs are unable to allege facts to support the claim that Blue Line received monies "justly belonging to Plaintiffs." Andrews, 2017 WL 413259, at *6 (citation omitted). Plaintiffs also take issue with the ASE Agreements and the negotiated payment to Blue Line. However, accepting Plaintiffs' factual allegations as true, any potential recovery for excessive fees or compensation to Blue Line would go to the entity in privity with Blue Line – not the putative class.

In dismissing Plaintiffs' previous money had and received claim, the Court stated that, "Blue Line's compensation for providing these services is a matter of contract and is not prohibited by a plain reading of § 40-14-18." [4-16-24 Dismissal Order at 39]. The undersigned found that Blue Line was authorized to receive the payments being challenged. [Id. at 39]. The Court then declined to consider whether the subject contracts between Blue Line and local governing bodies and/or local law enforcement agencies were invalid or unenforceable. [Id. at 56]. The same reasoning applies to Count II in the Third Amended CAC.

Plaintiffs' money had and received claim alleged in Count II fails to state a claim upon which relief may be granted and is due to be dismissed. Blue Line's Motion to Dismiss is granted as to Count II.

34

**CONCLUSION**

It is hereby **ORDERED** that Defendant's Motion to Dismiss [Dkt. 46] Plaintiffs' Third Amended Class Action Complaint [Dkt. 39] is **GRANTED.** Specifically, Defendant's Rule 12(b)(1) Motion is granted as to Count I based upon lack of Article III standing, and Defendant's Rule 12(b)(6) Motion is granted as to Count II. Plaintiffs' Third Amended Class Action Complaint is **DISMISSED** in its entirety.

It is further **ORDERED** that Plaintiffs' Motion for Leave to Add Additional Class Representatives and File a Fourth Amended Complaint [Dkt. 53] is **DENIED as moot**.

The Clerk is **DIRECTED** to close the case.

**SO ORDERED** this 10th day of July, 2025.

_____

**RICHARD W. STORY**
United States District Judge

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

THOMAS CHASTAIN, et al,

              Plaintiff,

vs.

BLUE LINE SOLUTION, LLC,

              Defendant.

CIVIL ACTION FILE

NO. 2:23-CV-160-RWS

## J U D G M E N T

This action having come before the Court, Honorable Richard W. Story, United States District Judge, for consideration of Defendant's Motion to Dismiss, and the Court having granted said motion, it is

    **Ordered and Adjudged** that the action be, and the same hereby is, dismissed.

    Dated at Gainesville, Georgia, this 10th day of July, 2025.

                        KEVIN P. WEIMER
                        CLERK OF COURT


        By:   s/ D. McGoldrick
              Deputy Clerk

Prepared, Filed, and Entered
in the Clerk's Office
July 10, 2025
Kevin P. Weimer
Clerk of Court

By:  s/ D. McGoldrick
     Deputy Clerk

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| THOMAS CHASTAIN, et al, | |
| Plaintiff, vs. | CIVIL ACTION FILE |
| BLUE LINE SOLUTIONS, LLC, | NO. 2:23-CV-160-RWS |
| Defendant. | |

## AMENDED JUDGMENT

This action having come before the Court, Honorable Richard W. Story, United States District Judge, for consideration of Defendant's Motion to Dismiss, and the Court having granted said motion, it is

**Ordered and Adjudged** that the action be, and the same hereby is, dismissed.

Dated at Gainesville, Georgia, this 14th day of July, 2025.

KEVIN P. WEIMER
CLERK OF COURT


By:   s/ D. McGoldrick
      Deputy Clerk


Prepared, Filed, and Entered
in the Clerk's Office
July 14, 2025
Kevin P. Weimer
Clerk of Court

By:   s/ D. McGoldrick
      Deputy Clerk

46

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# GAINSVILLE DIVISION

| | | |
|---|---|---|
| THOMAS CHASTAIN, and JONATHAN V. DUNN, Individually And on Behalf of All Others Similarly Situated, | ) ) ) ) ) | |
| | ) | CLASS ACTION |
| | ) | CIVIL ACTION FILE |
| Plaintiffs, | ) | NO. 2:23-CV-160-RWS |
| v. | ) | |
| | ) | |
| BLUE LINE SOLUTIONS, LLC | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF APPEAL

COME NOW Plaintiffs in the above-styled action and appeal to the United States Court of Appeals for the Eleventh Circuit from the Order (Dkt. 57) and the final Judgment (Dkt. 58) entered on the 10th day of July, 2025, and the Amended Judgment (Dkt. 59) entered on the 14th day of July, 2025.

Respectfully submitted this 4th day of August, 2025.

THE BELL FIRM

/s/ *John C. Bell, Jr.*
John C. Bell,  Jr. (Ga. Bar 048600)
Pamela S. James (Ga. Bar 389015)

Post Office Box 1547
Augusta, Georgia 30903
T: (706) 408-8237
john@bellfirm.net; pam@bellfirm.net

1

**MANLY SHIPLEY, LLP**

/s/ *John B. Manly*
John B. Manly (Ga. Bar 194011)
James E. Shipley, Jr. (Ga.Bar 116508)

Post Office Box 10840
Savannah, Georgia 31412
T: (912) 495-5360
john@manlyshipley.com
jim@manlyshipley.com

*Counsel for Plaintiffs*

2

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document complies with Local Rule 7.1(D) as it has been prepared using Times New Roman 14-point font.

*s/ John C. Bell, Jr*
John C. Bell, Jr.
Counsel for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that this day I electronically filed the within and foregoing **NOTICE OF APPEAL,** with the Clerk of Court using the CM/ECG system, which will automatically send electronic mail notifications of such filing to counsel of record.

This 4th day of August, 2025.

*s/ John C. Bell, Jr.*
John C. Bell, Jr

Counsel for Plaintiffs

3